In the Matter of WILLIAM T. ANDREWS, Petitioner, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, July 18, 1944.

*Vernal J. Williams* for petitioner.

*Thomas B. Dyett* for Henry H. Andrews, respondent.

BOTEIN, J.   The petitioner, William T. Andrews, who has filed designating petitions for nomination as the Democratic candidate for the Assembly in the 12th Assembly District at the coming primaries, seeks an order directing the Board of Elections to strike the name of Henry H. Andrews from its list of designees for the same office.   The petitioner is the incumbent Assemblyman, elected several times on the Democratic ticket.   He makes a persuasive showing that the listing on the ballots of two candidates possessing identical surnames would tend to confuse and mislead voters.   Of course, this end result in and of itself does not entitle him to relief.   He further alleges that this situation was fraudulently created by supporters of a third Democratic designee for the Assembly in the 12th District, one Mrs. Ruth Brown Price.   It is his contention that Mrs. Price's followers were animated by the theory that any votes diverted to Henry H. Andrews in the mistaken belief that he was Assemblyman Andrews would, to that extent, strengthen Mrs. Price's position in a three cornered race.

The petitioner states that since October, 1943, Henry H. Andrews has been serving in the United States Navy and that his mailing address is in San Francisco, California.   He alleges that the Democratic leaders, captains and workers of the district sponsored Henry H. Andrews' candidacy and distributed his petitions, citing the fact that a number of the subscribing witnesses to the Price petitions also witnessed the Henry H. Andrews petitions.   The petitioner has also submitted a number of affidavits and signed statements by signers of the Henry H. Andrews petitions, in which they state that they were misled into signing his petitions and did so in the belief that they were those of the petitioner.   The moving papers amply support the petitioner's allegations.

These facts, coupled with the circumstance that no answer to the petition or answering affidavits have been filed, warrant a conclusion that the candidacy ascribed to Henry H. Andrews is not real, is not instituted in good faith, and that the retention of his name on the official ballots of the Democratic Party would tend to confuse the voters to the substantial prejudice of the petitioner.   " The statute confers wide summary powers upon the Court.   The purpose clearly is to enable the Court to act promptly to correct fraudulent practices and compel fair conduct of elections."   (Abrahams' New York Election Law Manual With Forms, p. 135 *et seq.*)

The other respondents include the afore-mentioned alleged sponsors and subscribing witnesses of the petitions under attack, as well as the members of the committee on vacancies. It seems that they are all residents of New York County, were duly served and have failed to interpose sworn opposition to the petitioner's allegations. No respondent has even come forward to assert that Henry H. Andrews authorized the securing or filing of his petitions, or that he is even aware of his candidacy.

Some of the respondents have submitted a brief, in which they urge that the proceeding should be dismissed upon the following jurisdictional grounds: (1) that Henry H. Andrews is a necessary party to this proceeding and that no notice of this application has been received by him; and (2) that this proceeding was not commenced within the statutory time of fourteen days after the last day to file petitions. (Election Law, § 330, subd. 1.)

The Election Law prescribes the procedure to be followed on this application. It provides for notice to be given to such persons and in such manner as the court may designate (Election Law, § 335). Pursuant to that section, the justice who signed the order to show cause bringing on this proceeding, directed that notice of this application should be given to Henry H. Andrews, among others, and such notice was deemed sufficient if sent to him by registered mail on July 11, 1944. The petitioner has complied with that direction. *Application of Mucciolo* (37 N. Y. S. 2d 575) stressed in respondents' brief in support of their first point, is therefore inapplicable. That case held that a proceeding which tests the right of a candidate to a position on the ballot should not be heard except upon notice to the candidate affected, and that service on a member of his committee on vacancies was ineffectual. Notice has been given to the candidate respondent in this matter pursuant to the provisions of the order to show cause which launched the institution of this proceeding. That order determined the persons to whom and the manner in which notice of this application should be given.

Subdivision 1 of section 330 of the Election Law provides that a proceeding of this nature " must be instituted within fourteen days after the last day to file petitions." The last day to institute an action under the foregoing section fell on July 11th of this year and it is undisputed that on July 11th the petitioner caused copies of the order to show cause, petition and affidavits to be placed in the mails, addressed and registered to each of the respondents, including Henry H. Andrews.

The respondents urge that those resident in New York County were not served until July 12th, and that Henry H. Andrews was not served, if at all, until much later, inasmuch as his last known address was c/o F. P. O. San Francisco, and the papers herein were mailed to the address set forth on his petitions, namely, 2509 Seventh Avenue, New York City. In this contention the respondents are in error, as service was effected according to the terms of the order to show cause " by mailing a copy by registered mail on the 11th day of July 1944." *Matter of Tombini* (177 Misc. 148), cited by respondents, does not hold to the contrary. In that matter an order to show cause was signed by a justice within the statutory fourteen-day period, but service was not made until after the expiration of the period. It was held that the signing of the order to show cause did not institute the special proceeding.

" It seems manifest that there can be no special proceeding until the adverse party has been served with the process which brings him into court. I thus see no escape from the conclusion that a special proceeding is instituted, just as an action is commenced, by service of the process and not by its mere issuance " (*Matter of Tombini, supra*). In this proceeding the service was effected according to the terms of the order to show cause within the statutory fourteen-day period.

By filing as a candidate Henry H. Andrews is presumed to have contemplated and assumed the risks implicit in his service with the armed forces, which include the hazard that he might be far from the city of New York when an application affecting his candidacy might be made. To hold otherwise would be to immunize a candidate from all challenges to his candidacy upon his absence from the State.

Accordingly, the petition is granted to the extent of directing the Board of Elections to strike the name of Henry H. Andrews from its list of designees for the office of Assembly, 12th Assembly District, for the primary election of the County of New York.

Submit order.