In the Matter of THOMAS G. YOUNG, Petitioner, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, October 22, 1946.

*Copal Mintz* for petitioner.

*John J. Bennett, Corporation Counsel* (*Russell Lord Tarbox* of counsel), for William J. Heffernan and others, constituting the Board of Elections of the City of New York, respondents.

*Alfred L. Tanz* for Ceana J. Napper, respondent.

*Jacob Markowitz* and *Louis J. Lefkowitz* in opposition to application.

SHIENTAG, J. The State Constitution, as construed by the Court of Appeals, gives to all electors " equality of opportunity so far as practicable for the nomination of candidates for public office " (*People ex rel. Hotchkiss* v. *Smith,* 206 N. Y. 231,

241–242). That does not mean that the Legislature may not make reasonable differences in requirements for nominations by enrolled members of political parties, as distinguished from nominations by independents.

The court in the *Hotchkiss* case (*supra*) considered a provision of the Election Law which made a fixed requirement of the number of signatures necessary to file an independent nomination, and this fixed number was required in all counties, irrespective of the number of voters therein. This the Court of Appeals held to be unconstitutional. It " shocks the sense of justice ", the court said (p. 242), " and compels the conclusion that the statute was intended as a prohibition."

The court pointed out (p. 243) that " a requirement of a percentage of the number of voters in each county or district would result more satisfactorily and justly."

Having this in mind the Legislature in 1913 (L. 1913, ch. 800) amended section 122 of the Election Law so as to provide that independent nominations might be made by petition signed by voters equal to 5% of the vote for Governor at the last election, but in no event to exceed 1,500 signatures for any borough or county office. Section 122 of the Election Law is now known as section 137. In 1935 (L. 1935, ch. 955), section 137 was amended, and the percentage of required signatures for independent nominations, based upon the vote for Governor at the previous State election, was increased from 5% to 7%, with the further provision that in no event were the total required signatures to exceed, in the city of New York, 1,500 for Assemblyman and 3,000 for Senator or Congressman. That law has remained the same up to date.

Counsel for the petitioner stresses the fact that the number of signers for a nomination by a regular party is only 5% of the enrolled voters of that party, and therefore small in number as compared with 7% of the vote for Governor, with the maximum in the city of New York of 1,500 and 3,000 signatures respectively, for an independent nominating petition for Assemblyman and Senator or Congressman. In this connection, however, it should be borne in mind that signers of a petition for the nomination of a regular party candidate must be enrolled in the party, whereas signers of an independent nominating petition may be voters who are enrolled in any party and also those who are not enrolled. Furthermore, even a voter who did not register or vote at the previous election may sign an independent nominating petition. His signature is counted provided he registers for the subsequent election. The only

restriction placed upon enrolled voters with respect to signing an independent nominating petition is that they did not vote in the primary election.

Counsel for the petitioner urges that it is grossly unfair and discriminatory to the independent voters to fix their minima on the basis of the entire electorate. It is difficult to see what other basis could be used. Indeed, as has been pointed out, the Court of Appeals itself suggested to the Legislature this method of approach. Whether these differences in percentage, applied as they are to entirely different bases (the percentage of enrolled voters in the case of a party nomination, and the percentage of the electorate in the case of an independent nomination), are the fairest and most equitable is not for this court to determine. It suffices to hold that there is a reasonable basis for the distinction made in the law. The percentage of required signatures for independent nominations under section 137 of the Election Law is valid and constitutional.

Counsel for petitioner points out that the Liberal Party does not have the status of a " political party " but is an " independent body " solely because it was organized after the last gubernatorial election of 1942; that it polled, in the State-wide election of 1944, some 330,000 votes for its candidates for President and for United States Senator, more than six times the 50,000 votes cast for Governor which is required for a " political party ". Whether the Election Law should be amended to give such an " independent group " the same status as a " political party " is for the Legislature, and not for the courts, to determine.

It being conceded that the requisite number of valid signatures has not been obtained for the independent nomination, the application to adjudge that petition to be valid and legally effective is denied. Settle order on short notice.