In the Matter of MARGARET L. WHEELER, Petitioner, against THOMAS J. CURRAN, as Secretary of State of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, October 11, 1948.

*Morris Zuckman* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (John R. Davison* of counsel), for Thomas J. Curran, as Secretary of State of the State of New York, respondent.

*Walter L. Collins, County Attorney (Frank Pedlow* of counsel), for Albany County Board of Elections, respondent.

*Ernest B. Morris* for Henry H. Bessette and another, Republican members of the Albany County Board of Elections, respondents.

*Wilford A. LeForestier* and *DeForest C. Pitt* for Rensselaer County Board of Elections.

BOOKSTEIN, J. This is an application by the petitioner, Margaret L. Wheeler, for an order to command the Department of State of the State of New York to accept for filing, *nunc pro tunc*, as of the 15th day of September, 1948, the certificate attempted to be filed with said department on October 5, 1948, nominating the petitioner for the office of Representative in Congress in the Thirty-second Congressional District as the candidate of the American Labor Party and commanding the Department of State to certify to the several boards of election in said Congressional District, the nomination of petitioner as such candidate and directing the several boards of election in such Congressional District, upon receipt of such certification to place the petitioner's name on the ballots and ballot labels to be sent by them to the applicants for absentee ballots and to be furnished to the several election districts in said Congressional District in connection with the election to be held on November 2, 1948.

No answer or answering affidavits have been filed and the facts, which are not in dispute, are as follows: In due season, a designating petition was filed with the Secretary of State designating the petitioner herein as a candidate for the nomination for the office of Representative in Congress in the Thirty-second Congressional District of the American Labor Party to be voted for at the fall primary election of 1948. The designating petition named a committee on vacancies and the name of the petitioner was printed on the primary election ballot of the American Labor Party. The designee of the Democratic and Liberal Parties for the same office was William T. Byrne. At the fall primary election, a sufficient number of the enrolled voters of the American Labor Party wrote in the name of William T. Byrne to confer upon him the nomination for the office instead of the designated candidate printed on the ballot, the petitioner herein. Thereafter, and on or about September 1, 1948, said William T. Byrne filed a declination of the nomination of the American Labor Party, thereby leaving a vacancy in the nomination for that office. The Secretary of State thereupon gave notice of such declination to the members of the committee on vacancies named in the designating petition of the petitioner, Margaret L. Wheeler. Acting upon the assumption that said committee on vacancies named in the aforesaid designating petition had the power under the Election Law to fill the vacancy caused by the declination aforesaid, a majority of said committee, on September 3, 1948, filed with the Depart-

ment of State a certificate nominating the said petitioner, Margaret L. Wheeler to fill the existing vacancy, which filing was in due season under the provisions of the Election Law.

Thereafter, a proceeding was instituted in this court to declare said certificate of nomination filed by said committee on vacancies to be null and void on the ground that the committee on vacancies named in the designating petition of the petitioner was not the committee authorized by section 139 of the Election Law to fill the vacancy which existed; on October 4, 1948, in said proceeding, Mr. Justice BERGAN made a determination adjudging said certificate of nomination to be null and void on the ground thus asserted, a determination which appears to be clearly in accord with section 139 of the Election Law (*Matter of Kiley* v. *Wheeler*, 193 Misc. 10).

On the next day, to wit, October 5, 1948, there was filed with the Department of State, a certificate executed by the presiding officer and secretary of the State executive committee of the American Labor Party nominating the petitioner as the candidate of the American Labor Party for the office of Representative in Congress to fill the vacancy caused by the declination of William T. Byrne. On the same day, the Secretary of State in a letter dated that day rejected the certificate on the ground that the time for the filing of same had expired and immediately and on the same day, to wit, October 5, 1948, petitioner instituted this proceeding by obtaining the order to show cause returnable at Special Term on October 8, 1948.

All of the parties before the court conceded that there are no disputed questions of fact to be determined by the court and that the court is vested with discretion to excuse a late filing and only the attorney for the Democratic members of the Board of Elections of Albany County contends that the facts do not show a sufficient excuse for delay in filing to warrant the court in exercising the discretion vested in it to excuse the late filing.

In *Matter of Lauer* v. *Board of Elections of City of N. Y.* (262 N. Y. 416) the Court of Appeals has determined that under section 330 of the Election Law providing that the Supreme Court, or any justice thereof, may determine any question arising in respect to the nomination of any candidate and make such order as justice may require, the court may, in its discretion, grant relief from a mistake or accident leading to a delay in the filing of a certificate until after the day prescribed by the statute, where the granting of such relief causes no disruption of election machinery and interferes in no way with other requirements under the law.

In this case, it appears as an undisputed fact that absentee ballots and ballot labels intended to be used in connection with the general election to be held on November 2, 1948, have already been printed containing the petitioner's name as the candidate of the American Labor Party for the office of Representative in Congress. Applications for absentee ballots cannot be passed upon by the Board of Elections until after the close of registration on October 9th and absentee ballots are, of course, not to be mailed until after such determination. Under the circumstances, it is clear that to grant the relief sought would cause no disruption of the election machinery or interfere in any way with other requirements under the law. Indeed, to deny the application would be more likely to cause disruption, since it would require the printing of new absentee ballots, war ballots and ballot labels and, it was stated on the oral argument and not contradicted, that, to that date, there were only forty-nine applications for war ballots.

Under the provisions of the Election Law, normally in force, the filing of the certificate in question on October 5, 1948, was a filing in due season, since by subdivision 7 of section 140 of the Election Law '' A certificate to fill a vacancy caused by declination of a party nomination for an office to be filled at the time of a general election shall be filed not later than the fourth Tuesday preceding such election  *  *  * '' which this year is October 5, 1948, the precise date on which the certificate in question was filed. The filing becomes a late one only by virtue of the emergency War Ballot Law, to wit, article 12 of the Election Law. Under that article of the Election Law and by subdivision 10 of section 314, thereof, it is provided that '' A certificate to fill a vacancy caused by declination of a party nomination for an office to be filled at the general election shall be filed not later than September eighth preceding such election.''

It will be noted that the first certificate filling the vacancy was filed in due season under section 140 of the Election Law, to wit, on September 3, 1948; that certificate was filed in good faith and under the misapprehension that the members of the committee on vacancies on the original designating petition of the petitioner were the persons empowered by law to file the same; that such persons did not have such right under the law was not determined by this court until October 4, 1948, and on the following day, to wit, October 5, 1948, the committee apparently having the power under section 139 of the Election Law and section 7 of article IX of the Rules and Regulations

of the American Labor Party of the State of New York, to fill the vacancy thereupon promptly filed the certificate which the Secretary of State rejected for untimely filing and which this proceeding seeks to compel him to accept.

Under these circumstances, there is clearly and obviously just and reasonable cause for the exercise of the judicial discretion vested in this court to permit the certificate in question to be filed. Indeed, it seems to this court that it would be a gross abuse of discretion to refuse to grant the relief sought.

The following quotation from the opinion of the Court of Appeals in *Matter of Lauer* v. *Board of Elections of City of N. Y.* (*supra,* pp. 418–419) seems particularly apposite:

" The Election Law, by express provision as well as by judicial interpretation, has not fixed fatal finality to the last day for filing certificates of nominations. There may be slips or errors or mistakes which in all reason and justice should be corrected in order that the election may be fair and the will of all the electors ascertained. The Election Law should not be so interpreted as to defeat the very object of its enactment, which was to insure fair elections, an equal chance and opportunity for every one to express his choice at the polls. It also seeks to give the parties and independent nominators equal facilities to present their candidates and issues a reasonable length of time before election day.

" So that no unforeseen occurrence should upset this scheme of the law, section 330 of the Election Law provides that the Supreme Court, or any justice thereof, may determine any question arising in respect to the nomination of any candidate and make such order as justice may require. An accident may happen whereby a nominating certificate could not be filed on or before the last day. To reject such a certificate might make the election one-sided, with no party nomination in opposition. To determine what would be the right thing to do under such circumstances, power must be placed somewhere, and the Legislature has said that the Supreme Court is to determine what justice requires in such a case."

The application of the petitioner to annul the determination of the Department of State and to command it to accept and file the certificate which it has rejected and commanding it to make the certifications required of it upon the due filing of such a certificate, is granted, without costs.

Submit order.