In the Matter of JANET SCOTT, on Behalf of Herself and Others Similarly Situated, Petitioner, against THOMAS J. CURRAN, as Secretary of State of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, September 28, 1950.

*Scott K. Gray, Jr.,* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Paul Reuss* of counsel), for Thomas J. Curran, as Secretary of State, respondent.

*Walter L. Collins, County Attorney (Evariste G. Lavigne* of counsel), for Thomas F. Donohue and others, constituting the Board of Elections of Albany County, respondents.

TAYLOR, J. The application is for an order directing the Secretary of State of the State of New York to accept *nunc pro tunc* the written consent, duly acknowledged, of Janet Scott for the office of Member of Congress for the Thirty-second District of New York and the Board of Elections of Albany County to accept similar consents of Harriet Wolfe, Dorothy Bloom, Scott K. Gray, Jr., and Nicola Rossi for legislative offices in the county of Albany and commanding the Secretary of State and the Board of Elections of that county to place their names upon the official ballots and voting machines as candidates of the American Labor Party in connection with the general election to be held November 7, 1950.

The respondents, constituting the Board of Elections, have raised a preliminary objection to the jurisdiction of the court that only Janet Scott has petitioned for the relief which is sought. Subdivision 2 of section 330 of the Election Law provides that proceedings to determine questions respecting the nomination of any candidate may be instituted " by any candidate aggrieved ". All candidates aggrieved are not required to bring the proceeding. The statute permits it to be instituted by any candidate aggrieved. Moreover, the title of the petition indicates that the application is made by the petitioner not only in her own behalf but also in behalf of those similarly situated who have indicated their acceptances of such nominations. The question posed by the jurisdictional challenge has been resolved judicially unfavorably to the contention of the objectors. (*Matter of Enright* v. *Board of Elections of City of New York,* 257 App. Div. 601, appeal dismissed 282 N. Y. 691; *Matter of Boschetti* v. *Heffernan,* 275 App. Div. 999, affd. 300 N. Y. 454.) The preliminary objection is, therefore, overruled.

It appears that at the last primary election nominees for the offices involved were chosen as candidates of the American Labor Party for the ensuing general election, all of whom thereafter declined thereby creating vacancies which were later filled by the State executive committee of the State committee of that party by the making and filing of certificates setting forth the names, addresses and occupations of the persons so nominated by it. Such certificates failed to comply with the statute (Election Law, § 140) in that there were not appended thereto the written consents, duly acknowledged, of the nominees.

Properly, the Secretary of State and the Board of Elections rejected the certificates on the ground of such noncompliance. This application seeks the invocation of the discretion of the court to compel the State officer and county board to accept the certificates of nomination for the respective offices with consents of the candidates named, duly acknowledged, appended thereto. It is asserted that there was insufficient time between the date when the declinations were filed and the date when the nominating certificates were required to be filed by law to obtain and file such consents.

Where there is no showing that the granting of the relief which is sought will cause disruption of the election machinery or otherwise interfere with the requirements of the law, nominees should be permitted to supply deficiencies in their certificates of nomination with the view of affording an equal opportunity to every voter to express his choice at the polls and of giving political parties equal facilities to present their candidates in order that the will of all the electors will be ascertained. Such is the established judicial policy of this State. (Cf. *Matter of Lauer* v. *Board of Elections of City of New York,* 262 N. Y. 416; *Matter of Wheeler* v. *Curran,* 192 Misc. 1055, affd. 274 App. Div. 911; *Matter of Kagan* v. *Katz,* 275 App. Div. 1065.)

Under the circumstances here, there are reasonable grounds for the exercise of judicial discretion to grant the relief which is sought.

The application is granted and the Secretary of State is commanded to accept and file *nunc pro tunc* the certificate of nomination of Janet Scott, together with her written consent, duly acknowledged, appended thereto, and to make the certifications required of him upon the filing of such certificate, and the Board of Elections of Albany County is commanded to accept and file *nunc pro tunc* like certificates of nominations of Harriet Wolfe, Dorothy Bloom, Scott K. Gray, Jr. and Nicola Rossi, together with their written consents, duly acknowledged, appended thereto and to make the certifications required of it upon the filing of such certificates.

Submit order accordingly.