In the Matter of TILLIE MILLER, Petitioner, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, September 2, 1955.

*William Barlow* for petitioner.

*Joseph F. Clements* for William J. Connolly and another, respondents.

MARKEWICH, J. The petition herein seeks to invalidate certain designating petitions filed with the board of elections by William J. Connolly and Eleanor Murphy, named therein as candidates for certain purported party positions of the Democratic party in the Eighth Assembly District, New York County, in the primary election to be held September 13, 1955. It is contended that the party positions, set forth in the petition without reference to the part of the assembly district have no existence as stated, and that there is no such position as associate district leader (female), the title of that for which respondent Murphy is named. (A companion petition brought by Costikyan, an aggrieved candidate, seeks the same relief. Besides the grounds set forth above, an additional ground is urged by Costikyan: that a material alteration appears on the face of each sheet of the designating petition. Nothing has been presented to the

court from which it may be inferred that any such alteration was made other than before the distribution of the said petitions. Therefore, the additional ground raised in the Costikyan petition will be disregarded. Since the grounds are otherwise identical, the disposition made of the Miller petition will be determinative of both.)

Preliminary objections were made before the board of elections on the ground stated. By a majority, the board did not pass upon them but referred them to this court for determination as a matter of law.

The designating petitions do appear at first glance to be in the form prescribed by section 135 of the Election Law. Above the salutation, "To the Board of Elections of the City of New York", the words "Designating Petition — Democratic Party" appear on one line, below which are the words "8th Assembly District", followed by the number of the particular election district in which the sheet was circulated, and then the words, "New York County". All of the foregoing is printed but, following the name of the county, the words "Part A" are inserted by typewriter. Nowhere else on the sheet does the designation "Part A" appear. Particularly does it not appear under the heading "Party Position" opposite the names of the two candidates Connolly and Murphy, the party position being designated in one block of type opposite both names as "8th Assembly District, New York County, New York, Assembly District Leader (Male), Associate District Leader (Female)".

Section 135, in defining the type of petition considered herein, requires that each sheet shall be substantially in the form set forth in the statute. Nowhere is any provision made for the heading above described which appears at the top of the petition and to which, as above described, the words "Part A" were added by typewriter. Insofar as compliance with the statute is concerned, such a heading is a superfluity. Aside from this, the petitions would appear to be substantially in the form provided by statute. It is to be noted that the objections made by petitioners herein to the descriptions used by respondents Connolly and Murphy for the party positions for which they claim to be candidates refer to language supplied by the respondents and used to fill in blanks left in the form prescribed by the statute. Section 15 of the Election Law, as amended in 1955 (ch. 792), provides: "If the rules of the county committee shall so provide, assembly district leaders or one assembly district leader and one associate assembly district leader shall be elected at primary elections as herein provided, for each

assembly district or part of an assembly district within any county within the city of New York as may be designated in such rules for the purpose.'' Pursuant to subdivision 3 of section 15 the Democratic County Committee of New York County has chosen the form '' Assembly District Leaders '' and nowhere has provided for '' Associate Assembly District Leaders ''. The rules provide specifically (art. VI, subd. A-2): '' At the primary election at which members of the County Committee are elected, one male assembly district leader and one female assembly district leader shall be elected for each assembly district or part of an assembly district, as the case may be, the same being hereby designated for such purpose as follows * * * '' (going on to name the various assembly districts or parts of assembly districts designated, including that here involved, 8th Assembly District, Part A).

The chairman of the county committee has, as required by section 18 of the Election Law, filed with the board of elections a statement of the party positions to be filled by the party at the primary herein involved, who are ''one male assembly district leader and one female assembly district leader for each of the following parts of the following assembly districts (included among which are 8th Assembly District, Part A) ''. Such statement so filed is what is familiarly known as the party call and is controlling with respect to what party positions are to be filled. The call goes on to recite the various assembly districts, listing among them those which have been divided into parts and designating the parts and defining them by listing with them the numbers of the election districts within each part. The designating petitions before the court fail clearly to set forth the political division which is part of the official title of the party position. The party position for which respondent Connolly apparently seeks to run is probably that properly known as '' Male Assembly District Leader, 8th Assembly District, New York County, Part A ''. The party position for which respondent Murphy apparently seeks to run is probably that properly known as '' Female Assembly District Leader, 8th Assembly District, New York County, Part A ''.

Section 108 of the Election Law provides: '' Where, pursuant to the rules of the county committee, the party position involved is that of assembly district leader or associate assembly district leader for a part of an assembly district, such part shall be so indicated in the title on the ballot.'' The board of elections requires such political subdivisions to be set forth where a candidate is designated for party position. Neither statute nor rule

has been regarded in setting forth the purported titles of the party positions sought by respondents. It cannot be said that failure to adhere to such specific requirements is substantial compliance such as would validate these petitions. Nor can it be argued that, because the particular election district printed on the sheet is in Part A, such circumstance cures the defect. There is no compliance at all. As for the respondent Murphy, it must be stated that there is no such party position as that set forth opposite her name, to wit, associate district leader.

In *Matter of Phipps* v. *Power* (206 Misc. 983), Mr. Justice MATTHEW M. LEVY stated: " ' Member of Assembly, 14th Assembly District, State of New York ' is the claimed public office, and I take judicial notice that there is no such public office in the State of New York. I also take judicial notice that there is a fourteenth Assembly District in more than one county * * * In consequence, there being no statement in the preamble of the designating petition of the precise or specific county in which Noel D. Austin is a candidate, the designating petition is invalid." (Also, see, *Corn* v. *Cohen*, 49 N. Y. S. 2d 913, and *Matter of Larson*, N. Y. L. J., Oct. 10, 1949, p. 786, col. 5.) On the same reasoning it appears quite clearly that these designating petitions are invalid and must fall.

Accordingly, the motions herein will be granted, and the board of elections directed to regard the petitions as invalid. Settle appropriate orders to that effect on one day's notice.