L. Barron Hill, J.
By order to show cause, petitioner has instituted this proceeding under article 14 of the Election Law to require the Board of Elections to place his name on the ballot as the candidate of the Liberal party for the office of Member of Assembly, 11th Assembly District, Queens County, in the forthcoming general election to be held in November, 1956. A companion proceeding seeking to invalidate the designation of a substitute for petitioner for said office was heard together, and it has been agreed by the parties that the determination of the first proceeding will be determinative of the second.
The nomination here involved has been the subject of a prior proceeding before this court wherein one Daniel Clarke, the designated candidate of the Liberal party, petitioned for a recanvass of votes after it appeared that this petitioner, Alfred D. Lerner, had been the successful nominee by virtue of a surprise write-in vote. A recanvass of said votes completed on June 25, 1956 revealed that Lerner had received 37 votes to 26 for Clarke and 2 for one Smith, there being also 10 void and 10 blank ballots.
The primary vote in question was held on June 5, 1956. Lerner Avas the Republican designee, Clarke the Democratic and Liberal designee. On June 14, 1956 the Board of Elections, by mail, advised Lerner, pursuant to section 139 of the Election Law, that he was the nominee of the Liberal party and must accept or decline such nomination. Lerner received the letter of the Board of Elections on Saturday, June 16, 1956; he wrote and mailed his acceptance to the board on June 18, 1956. On June 19, 1956 the board advised Lerner by letter that pursuant *289 to subdivision 14 of section 314 of the Election Law, his acceptance was required to be filed by June 15, 1956, and, therefore, because of his late filing, his name would not appear as a candidate of the Liberal party.
It further appears that pursuant to statute and the rules of the Liberal party, said party designated the said Clarke as the substituted candidate for Lerner and duly filed said designation with the Board of Elections.
Petitioner is equitably entitled to relief unless he is legally foreclosed from a remedy. He was the victorious candidate at the primary and acted promptly upon receiving notification from the Board of Elections. He has clearly indicated his intent and desire to be the candidate of the Liberal party.
Under normal circumstances, his acceptance of the nomination would not have to be filed until the fifth Tuesday preceding the general election (Election Law, § 139). For the year 1956, however, and for no other, the date of acceptance or declination is fixed as June 15, 1956 (Election Law, § 314, subd. 14, as amd. eff. February 6, 1956).
Subdivision 14 of section 314 of the Election Law must be read in connection with and in the light of the general statute (Election Law, § 139) concerning acceptance or declination of designation or nomination. The former section merely supplies a new date for action for a specific year.
Under section 139, in the situation presented, the Board of Elections is required to: ‘‘ forthwith notify, by mail, such person of his nomination and that he must decline or accept such nomination in writing as hereinafter provided.”
While it may be said that the notification mailed by the board on June 14 was “ forthwith ” if the acceptance had to be filed on or before the fifth Tuesday preceding the general election, it cannot be said to have been ' ‘ forthwith ’ ’ if the acceptance had to be filed by June 15. As is well known, all rules of law allow three days for mailing.
The board is further required to advise the candidate about accepting or declining “ as hereinafter provided.” There is not a mention in the letter sent out by the board of the time limit required by either section 139, or as specially set forth under subdivision 14 of section 314.
Counsel for respondent Clarke urges that written notice by the Board of Elections, as required by section 139, was not needed. He further speculates, and probably properly so, that Lerner had several informal means of learning prior to June 15 of his election and, hence, could have filed his acceptance by that date.
*290 This court cannot presume that the Legislature has inserted the provision for notice to be given by the board for mere form and not substance. It must also assume that timely and proper notice must be given before a candidate, who desires a nomination, will be defaulted on a technicality.
Petitioner calls the court’s attention to Matter of Smith v. Board of Trustees of Vil. of Fort Edward (1 N Y 2d 690) where, in a parallel situation, the Court of Appeals in affirming the determination of the Appellate Division held that Special Term did not abuse its discretion in permitting the late filing of an acceptance required by section 139 of the Election Law. And in that case, as here, respondent argues that the late filing had, as a matter of law, rendered petitioner’s nomination void.
Following the mandate of the Legislature and the appellate courts of this State that proceedings under article 14 of the Election Law are to be construed liberally in order to promote substantial justice and to equitably determine such controversies, I, in viewing all the circumstances presented in this and the prior proceeding, and being mindful of the will of the electorate as expressed by their ballots, find for the petitioner in both the instant proceedings.
Let an order be entered, on notice, canceling* and annulling the action taken by the Liberal party in substituting Daniel Clarke as the candidate for Member of Assembly and directing the Board of Elections to place upon the ballot for such office the name of Alfred D. Lerner as the candidate of the Liberal party.