Isadore Bookstein, J.
This is an application by petitioners requiring the respondents Millspaugh and Callahan, constituting the Board of Elections of Sullivan County, to place their names upon the ballot for the election to be held November 7, 1961 for the offices of Supervisor and Justice of the Peace, in and for the Town of Lumberland, Sullivan County.
The facts do not appear to be in dispute.
Petitioner Walter A. Schwarz, an enrolled Republican, at the Democratic Town Caucus of said town on September 18, 1961 was nominated as the Democratic candidate for the office of Supervisor of the Town of Lumberland.
For the office of Justice of the Peace that caucus nominated one Donald Hunt.
The certificate of nomination executed by the chairman and secretary of the caucus certified to the nomination of petitioner Schwarz for Supervisor. Without authority and without foundation in fact, the same certificate certified the nomination by the caucus of petitioner Bachelder for the office of the Justice of the Peace. The certificate likewise named a committee on vacancies.
The certificate of nominations was filed on September 19,1961, which was in due season. (Election Law, § 314, subd. 11.)
Section 144 of the Election Law requires the Board of Elections, upon the filing of a certificate of nomination, to mail notice to the person nominated of that fact and such notice must also state the last day to decline such nomination. That section was not complied with. The notice required thereby was never given. Significantly, that section does not require a statement of the last day to file an acceptance.
The reason for this difference apparently is that when an enrolled member of a party is nominated by that party, he is not required to file an acceptance. But he must have notice of an opportunity to decline. However, if one is nominated by a party other than the one of which he is an enrolled member, he must file an acceptance. (Election Law, § 139.) That section existed before the enactment of the Wilson-Pakula Law, to which reference will be made hereafter, and is no part thereof.
In the case of the petitioner Bachelder, he was not nominated for the office of Justice of the Peace by the caucus. Donald Hunt was. After the caucus had terminated, in some manner, it was learned that Hunt did not desire to be a candidate. Instead of certifying his nomination, having him file a declination, and having the committee on vacancies nominate petitioner Bachelder, the chairman and secretary of the caucus, without *1062 any power or authority to do so, certified Bachelder as the nominee rather than Hunt. There has been no declination by Hunt, since he was never certified and there has been no nomination or substitution by the committee on vacancies.
Accordingly the petition of petitioner Bachelder must be dismissed, upon the merits.
A different situation exists with reference to petitioner Schwarz.
On September 22,1961 aggrieved candidate Harris filed objections to the certificate of nomination of petitioners, pursuant to section 145 of the Election Law. Such objections were filed in due season. Thereafter, and on September 28, 1961 specifications of the objections were filed by Harris. Such specifications were filed in due season, under section 145 of the Election Law, which requires specifications to be filed within six days, after objections are filed.
Petitioners contend that the specifications were not filed in due season: that they should be filed within three days after the objections are filed and not within six days thereafter. Their contention is that the word “ thereafter ” refers to the date of the filing of the certificate of nominations, rather than to the date of the filing of the objections. The contention is untenable. The word “ thereafter” refers to the date of the filing of the objections and not to the date of the filing of the certificate of nomination.
In a purported compliance with section 139 of the Election Law, petitioner Schwarz filed an acceptance on September 25, 1961. Under section 143 of the Election Law, the filing on that date would have been timely. However, that section is superseded by subdivision 12 of section 314 of the Election Law, which requires an acceptance to be filed not later than September 22, 1961.
On the advice of the County Attorney, the President of the Board of Elections, on October 3, 1961 notified petitioners that their nominations were void. They were on solid ground.
The Election Commissioners are ministerial and not judicial officers. When a certificate of acceptance is filed subsequent to the last day fixed by statute for the filing thereof, the Election Commissioners have no alternative but to reject it. A court, if the facts warrant it, may, as a matter of sound discretion, relieve from such a late filing but the Election Commissioners have no power to do so.
Petitioners also complain that the rejection by the President of the Board of Elections was without a hearing and opportunity for them to be heard on the objections and specifications. *1063 Section 145 of the Election Law does not require notice and a hearing with respect to objections and specifications of objections to a nominating certificate (Matter of Pabian v. McNab, 9 Misc 2d 995, affd. 4 A D 2d 834, affd. 3 N Y 2d 888). It does require notice of the determination made and such notice was given on October 3,1961.
With respect to petitioners, enrolled members of the Republican party, nominated by a Democratic caucus, no certificate authorizing their nominations by the Democratic party has ever been filed.
Objectors contend that such failure renders the nominations void by virtue of the Wilson-Pakula Law.
The Wilson-Pakula Law was enacted as chapter 432 of the Laws of 1947 and added to the Election Law as section 136-a, which has since become section 137 of the Election Law. It was amended by chapter 228 of the Laws of 1948, but the amendment does not affect the questions posed in this proceeding.
That law expressly prohibits designating petitions for primary elections, nominations by certain bodies and nominations by committees on vacancies, of nonmembers of a political party. By subdivision 1 thereof it prohibits a petition, designating for a primary election of a person who is not an enrolled member of the party referred to in the designating petition.
By subdivision 2 thereof it prohibits the nomination by a State convention or a State committee of a political party, of a person, not an enrolled member of such party.
By subdivision 3 thereof, it prohibits either the designation for a primary election or the nomination for a special or general election, by a committee on vacancies, in either ease, by a political party, of one who is not an enrolled member of that party.
However, by subdivision 4 thereof, such prohibitions or limitations are lifted, if the party committee of the political unit involved, files a certificate of authorization for the nomination of one who is not an enrolled member of the party nominating him.
Independent research has revealed no judicial determination of the question of whether or not the Wilson-Pakula Law applies to a nomination made at a town caucus. In the Opinions of the State Comptroller (Vol. 5, 318, 1949), it was held that the law does not apply to nominations made at a party caucus. The limitations in section 137 of the Election Law (the Wilson-Pakula Law) must be strictly construed. An examination of the limitations in subdivisions 1, 2 and 3 of section 137 fails to disclose, even by implication, any limitation on a town caucus of a political party nominating an enrolled member of another party. *1064 To me it is clear, that the Wilson-Pakula Law (Election Law, § 137) has no application to a nomination made at a town caucus.
There remains, therefore, but one question for determination, viz., whether or not the exercise of sound discretion requires that petitioner Schwarz be relieved of the late filing of his certificate of acceptance.
At the October 1949 Term of this court the, precise situation here presented was before me, with reference to the nomination by the Republican Town Caucus of the Town of Fallsburgh of one Boris Kagan, who was not an enrolled member of the Republican party.
There, in his behalf, was raised the contention that petitioner was misled as to the time of filing by the difference in time fixed by subdivision 6 of section 143 and the time fixed by subdivision 12 of section 314 of the Election Law. The same contention is raised here. There the same contention was raised, as is here, that the Wilson-Pakula Law was not complied with.
Here, there is raised the additional question, which did not exist in the Kagan case, viz., that the Board of Elections failed to comply with section 144 of the Election Law, requiring the giving to petitioners forthwith notice of the filing of the certificate of nominations.
My opinion in that case was not reported but its concluding paragraphs are applicable to the situation here presented and read as follows:
“ Section 330 of the Election Law has vested in the Supreme Court the discretionary power to relieve a political party, or a candidate, from a failure to file in due season, through mistake, inadvertence or oversight, where no disruption of the election machinery results and other requirements of the Election Law are not interfered with (Matter of Lauer v. Board of Elections, 262 N. Y. 416; Matter of Wheeler v. Curran, 192 Misc. 1055) * * * Accordingly no disruption of the election machinery can follow the granting of the relief herein sought, nor are any other requirements, under the law interfered with thereby. On the other hand, to deny the relief would be to deny to one of the two major parties the right to present its nominee to the electorate for their choice and ‘ make the election one-sided, with no party nomination in opposition.’ (Matter of Lauer v. Board of Elections, supra, p. 419). * * *
“ Be that as it may, the public good is far better served by the general public having an opportunity to choose between the two candidates of the major parties than to permit a default on narrow technical grounds.
*1065 1 ‘ To refuse the relief sought would be an abuse of discretion. ’ ’ Upon appeal to the Appellate Division, my determination made in the Kagan case Avas unanimously affirmed. (Matter of Kagan v. Katz, 275 App. Div. 1065; cf., also, Matter of Lerner v. Power, 3 Misc 2d 287; Matter of Smith v. Board of Trustees of Village of Fort Edward, 1 N Y 2d 690.)
With respect to the petitioner Schwarz, the application is granted in all respects, Avithout costs. With respect to the petitioner Bachelder, the petition is dismissed upon the merits, Avithout costs.