James D. Hopkins, J.
Two proceedings have been instituted under article 14 of the Election Law. Since each raises common questions of fact and law, they are considered together.
In the first proceeding, Frank Lyden, acting for himself, and as chairman of the Republican County Committee of Putnam County, applies for an order restraining the Board of Elections of Putnam County from placing on the ballot to be used in that county at the general election to be held on November 7, 1961 the names of candidates purported to be nominated by the Liberal party in five certificates of nominations filed with the Board of Elections. In the second proceeding, Raymond Adams and Joseph Reich, voters in the Town of Kent, Putnam County, and respectively the candidates nominated by the Republican party for offices of Assessor and Councilman of the Town of Kent, apply for the same relief.
Before reaching the substantive issues, certain procedural questions must be determined. At the first hearing on October 11, 1961, it appeared that the petitioners had joined as parties *1074 to the proceedings the members of the Board of Elections, the chairman and secretary of the Liberal County Committee of Putnam County, and the chairman of the Democratic County Committee of Putnam County. The representatives of the Democratic party and the Liberal party objected to the proceedings on the ground that the candidates affected by the petitions, and the members of the committee on vacancies named in the certificate of nomination under review, were not parties to the proceedings. The petitioners then orally moved to adjourn the hearing and for an order to permit service on such persons; the court reserved decision on the motion.
Thereafter the court determined that the candidates and the members of the committee on vacancies were necessary and proper parties (Matter of Corn v. Cohen, 181 Misc. 832, 838, affd. 267 App. Div. 891; Matter of Gallagher v. Cohen, 180 Misc. 1030, 1031; Matter of Hoy v. Westall, 145 N. Y. S. 2d 2, 4). The court then directed that such persons be made parties to the proceedings, that the hearing be adjourned to October 18, 1961, and that service of the papers be made on the new parties either personally or by mail on or before October 14,1961. Upon the adjourned date the interested candidates appeared specially and moved to set aside the service on the grounds (1) that the court could not join them as parties without notice; (2) the time of service provided was inadequate and violative of due process; and (3) service by mail was illegal and unconstitutional. These are special proceedings (People ex rel. Feeny v. Board of Canvassers, 156 N. Y. 36, 46-47; Matter of Emmet, 150 N. Y. 538, 541; Election Law, § 335). The court is vested with jurisdiction to determine summarily any question of law or fact, and the statute must be liberally construed (Election Law, § 330). It has been said that full power is conferred on the court to bring in additional parties, after a proceeding under the statute has been commenced (Matter of Bewley, 138 Misc. 108, 111). The same conclusion is reached from a consideration of the practice in the courts, governed by the Civil Practice Act (§§ 1, 5). No special proceeding shall be defeated by the nonjoinder of parties; new parties may be added at any stage as justice requires (Civ. Prac. Act, §§ 192, 193). Notice of the application to the party intended to be joined is not necessary (Bchultze v. Ocean Acc. d Guar. Corp., 239 App. Div. 309). Notice to the original parties was given by the motion by the petitioners in open court, and there was no objection by the original respondents. The order directing service on the new parties provided for service personally or by mail *1075 on or before October 14, for the hearing scheduled on October 18. Section 335 of the Election Law prescribes that notice of the proceedings shall be given in such manner as the court shall order. Service of the papers was effected by the petitioners through the mail. As this is a proceeding to be summarily determined, under the circumstances the service was adequate. This is not a case where service was made after the last day for the commencement of the proceeding (cf. Matter of King v. Cohen, 293 N. Y. 435; Matter of Constantino, 286 N. Y. 681), for here the time of the proceeding is limited not by subdivision 1 of section 330 of the Election Law, but by subdivision 2 of that section. Service could be constitutionally made by mail rather than personally. Rule 21 of the Rules of Civil Practice, to the extent that it may be inconsistent with sections 330 and 335 of the Election Law, does not apply to service of process of proceedings under article 14 of the Election Law.
Nor is service by mail a deprivation of due process (Matter of King v. Cohen, 293 N. Y. 435, supra; Matter of Andrews v. Cohen, 182 Misc. 933). It is significant in this context that the Court of Appeals said in Matter of King v. Cohen (supra) that the use of ordinary mail was preferable to the use of registered mail in proceedings under the Election Law. The test of due process is whether service of a kind reasonably calculated to give notice of the relief sought to the person affected has been made, with fair regard to the necessities of the case requiring prompt action. The court believes that reasonable notice of that character was afforded here. The procedural objections are therefore overruled, and the merits of the applications are now considered.
It is the contention of the petitioners that the certificates of nominations filed by the Liberal party are invalid because they do not refer upon their face to the town in which the nominations are made. Five nominating certificates are involved. The petitioners argue that the candidates have not been properly identified in relation to the town in which the offices are to be filled at the election. The two members of the Board of Elections have divided on the issue. Since the petitioners’ specifications of objection was not sustained, the petitioners instituted these proceedings for an order restraining the Board of Elections from placing the Liberal party nominations on the ballot. There are six towns in Putnam County. Each of the five certificates of nomination are identical in form and content, except for the names of the persons nominated. Each contains a certificate of the chairman and secretary of the County Executive Committee that at a meeting held on September 16, 1961, *1076 such committee nominated certain persons for the offices of Supervisor, Town Clerk, Justice of the Peace, Councilman, Assessor, Tax Collector and Superintendent of Highways, “ to be filled by the voters of Putnam County at the general election to be held on Tuesday, November 7,1961.” The addresses of the candidates appear opposite their names. There does not appear the name of any town on the face of the petition, except as it may appear in the addresses of the candidates, or the members of the committee to fill vacancies.
A number of decisions has held that a nominating petition is insufficient when it does not specify correctly the public office for which the candidate seeks election, in accordance with the requirements of section 135 of the Election Law (Matter of Buckler, 265 N. Y. 605 [failure to designate the Congressional district]; Matter of Marcatante v. Lundy, 8 Misc 2d 313, affd. 4 A D 2d 883, affd. 3 N Y 2d 913 [misdescription of public office as County Court, Queens County]; Matter of Moritt, 264 App. Div. 951 [statement of Assembly district without name of county]; Matter of Miller v. Bower, 208 Misc. 728, affd. 309 N. Y. 775 [misdescription of party position]; Matter of Phipps v. Power, 206 Misc. 983 [statement of Assembly district without name of county]). Subdivision 9 of section 131 of the Election Law also requires that a certificate of nomination contain the public office for which nominations are made.
The court may take judicial notice of the fact that all of the offices described in the certificates are town offices. Nevertheless, which certificate refers to a particular town in Putnam County cannot be determined from the face of the certificates, since each states that the voters of ‘ ‘ Putnam County ’ ’ will fill each of the offices described. Nor can recourse be made to the address appearing opposite the candidates’ name to supply the deficiency, as the addresses given in certain instances refer to the same town on different certificates.
The representatives of the Liberal party and the Democratic party, however, contend that the court may resort to evidence dehors the certificates to establish the town for which a particular certificate was intended, and have moved for an order nunc pro tunc to amend the certificates accordingly. They point to the following to substantiate their position: (1) that the authorizations required by subdivision 4 of section 137 of the Election Law and the acceptances of the candidates must be read together with the certificates of nomination; (2) that the persons nominated are also nominated by the Democratic party or Republican party for the same office designated in a specific town in Putnam County; (3) that the registration cards of each *1077 of the persons nominated on file in the office of the Board of Elections state the town of his residence. They urge that since town officers must be resident electors of the town they represent (Town Law, § 23), the court is empowered to determine the persons nominated by the certificates to be seeking the office described therein in the town of their residence.
The court has examined the records. Except for isolated instances, the authorizations and acceptances do not refer to an office in a specific town; the address of the candidate by town is stated. The nominating certificates of the Democratic party, in general, nominate the same persons for the same office, but state the town in which the office is to be filled; not all of the Liberal party candidates are also Democratic candidates. The registration cards indicate that the persons nominated by a particular certificate are residents of the same town.
The court may exercise its discretion in proceedings under the Election Law only where the provisions are not mandatory (Matter of Barber v. Varney, 277 App. Div. 326, affd. 301 N. Y. 669). Thus, an order nunc pro tunc has been granted to amend a petition to state “ county committeeman ” instead of “ committeeman ” (Matter of Barber v. Varney, supra), to allow the words “ City Court of Binghamton” to be added after “ City Judge ” (Matter of Richardson, 266 App. Div. 920), to permit the late filing of a certificate for good cause shown (Matter of Lauer v. Board of Elections, 262 N. Y. 416), or the late filing of an acceptance of nomination (Matter of Lerner v. Power, 3 Misc 2d 287, affd. 1 N Y 2d 912). In ah of these cases no prejudice or confusion could result from the amendment. In other cases the court held that it was without power to disregard the plain provisions of the Election Law (Matter of Bissell, 245 App. Div. 395; cf. Matter of Cowles v. Board of Elections, 252 App. Div. 326). It has been clearly declared that the town or city in which a signer of a nominating petition resides must be stated in the petition, even though the place of residence within a village appears, and the petition concerns a village election (Matter of McKeever v. Hornidge, 205 Misc. 362, affd. 306 N. Y. 876; Matter of Nash v. Van Pelt, 308 N. Y. 884). In the proceedings at bar the defect in the certificates is jurisdictional, and the court is without power to correct it by extrinsic evidence (Matter of Rosemond v. Corscadden, 223 App. Div. 806; Matter of King, 155 App. Div. 720).
It would be a dangerous and far-reaching expedient to allow nominating certificates to be corrected by reference to certificates filed by another political party; the door would be open to fraudulent or coercive practices in political campaigns. It *1078 is obvious, too, that registration records of a voter are subject to change, and do not necessarily reflect as of the time that a nominating certificate is filed the residence of the nominee; and they may not logically be used as a predicate for the conclusion that the residence of the nominee represents the political subdivision to which the certificate inevitably refers. As stated above, the authorization and acceptance are no more definitive in terms of the town to which the office refers than the nominating certificates themselves. Matter of Whiting v. Taub (187 Misc. 660) is distinguishable. Only one petition and one town was there involved, and it might be reasonably said therefore that there was a substantial compliance with the statute. Here there are five certificates involving five out of six towns in a county, with the identity of the town not ascertainable from the face of the certificate.
So that the record is clear in the event of appellate review, the court overrules the objection of the petitioners to the reception of the evidence offered by the respondents. Schwartz v. Heffernan (304 N. Y. 474) and Matter of McGovern (Olson) (291 N. Y. 104) hold that a Board of Elections may not consider evidentiary matter outside of the petition or certificates filed with it, but further hold that the court in a proceeding of this character may consider extrinsic evidence. Upon considering the evidence, however, the court finds that the defects appearing in the certificates cannot be cured by a nunc pro tunc order, and that the evidence is insufficient to justify such an order amending the certificates.
The relief sought in the petitions is granted. The respondents ’ motions for an order amending the certificates of nominations nunc pro tunc are denied. Submit order on notice.