Nathaniel T. Helman, J.
This is an application for an order directing the Board of Elections of the City of New York and the Commissioners thereof, to accept signatures obtained by the petitioner after the final date for the filing of independent nominating petitions, to wit, September 21, 1966, and for other related relief.
Petitioner seeks to have his name placed on the ballot as a candidate for the office of Representative in the Congress of the United States from the 19th Congressional District. Pursuant to subdivision 7 of section 138 of the Election Law, August 10, 1966 was the first day for a prospective candidate to obtain signatures on an independent petition. In accordance with subdivision 19 of section 314 petitions for said office were required to be filed not later than September 21, 1966. Section 138 (subd. 5, par. [c], cl. [4]) required petitioner to obtain 3,000 signatures.
In substance, it is urged by petitioner that he is an orthodox observer of the Jewish Sabbaths and religious holidays, as a result of which the candidate and his campaign workers refrained from obtaining signatures for a total of 8 days. Thus, petitioner requests additional time to obtain and file signatures on his nominating petitions.
The arguments advanced by the petitioner relating to his inability to gather the necessary number of signers, and his request for an allotment of time, are specious. The Legislature allowed 42 days for the purpose of soliciting signatures. That the candidate could not collect names during a small portion of. that period may not be said to have deprived him of an opportunity to comply with the statutory mandate. Parenthetically, it is interesting to note that in the remaining 32 days during which petitioner and his staff sought signers, only 99 names were obtained.
Petitioner contends that the court may make any order as justice may require and may, in its discretion, grant relief from a mistake or accident leading to a delay in the filing of a certificate. But the instant matter is not one in which the certificate of nomination was inadvertently filed at the wrong office (Matter of Lauer v. Board of Elections of City of N. Y., 262 N. Y. 416) or one in which a certificate was filed under the misapprehension that the members of a particular committee on vacancies were empowered to fill a specific vacancy (Matter of Wheeler v. Curran, 192 Misc. 1055), or one in which the date for filing *829 coincided with a legal holiday (Matter of Zichello, 50 N. Y. S. 2d 48). Nor has there been a showing that petitioner failed to file within the statutory time limit simply because of inadvertence (see Matter of Brackley, 2 A D 2d 868). Indeed, petitioner concedes that he was aware that September 21 was the final day for filing. Of critical significance, none of the cases cited by petitioner in support of his request presented a situation in which the prospective nominee lacked the required number of signatures on the final date for filing.
Under the circumstances, petitioner’s argument that additional time be allotted to him for the purpose of obtaining a sufficient amount of signatures, is untenable.
Petitioner next charges that the legislative requirement that an independent candidate for Congress must obtain 3,000 signatures, while a party candidate for the same office need gather only 750 signatures (Election Law, § 136, subd. 2, par. [d]), is violative of the Constitution. The argument is not persuasive. The Legislature obviously considered that signers of a petition for the nomination of a regular party candidate must be enrolled in the party, whereas signers of an independent nominating petition may be voters who are enrolled in any party and also those who are not enrolled. The charge that the statute is unfair and discriminatory has been considered by the courts of this State, and the contention has been rejected (Matter of Young v. Heffernan, 187 Misc. 604, affd. 296 N. Y. 697; see, also, Matter of Orsini v. Heffernan, 187 Misc. 730, affd. 296 N. Y. 698; Matter of Klein v. Heffernan, 296 N. Y. 699). “Whether the Election Law should be amended to give such an independent group ’ the same status as a political party ’ is for the Legislature, and not for the courts to determine ” (Matter of Young v. Heffernan, supra, p. 607).
The application is denied and the petition dismissed.