Daniel Gr. Albert, J.
In this proceeding pursuant to section 330 of the Election Law, judgment is granted to the respondents dismissing the application to validate an independent petition nominating Ralph P. Franco as a candidate of the Conservation Party for the office of District Court Judge, Second District, Nassau County, in the general election to he held November 3,1970.
No issues of fact are presented. The only questions raised concern the effect and constitutionality of certain sections of the Election Law.
Petitioner, the designated candidate of the Democratic and Liberal Parties for the office of District Court Judge, presented an independent nominating petition seeking to have his name placed on the ballot in a third line as a candidate of the ‘ ‘ Conservation Party ” for the same office. The sheets presented on his behalf to the Board of Elections contained 1,617 signatures. After objections were filed by other candidates for the same office, the respondent board reviewed the petition and declared 450 of the signatures presented to be void for various reasons. The parties have stipulated before the court that, for purposes of this proceeding, such finding by the Board of Elections will not be challenged and the Franco petitions will be deemed to have presented only 1,167 valid signatures.
The Election Law (§ 138, subd. 5, par. [c], cl. [1]) provides that an independent nominating petition ‘ ‘ for any office to be filler] in any county or portion thereof outside the city of New York” must be signed by no fewer than 1,500 voters of the political unit. The designating petition for a regular party candidate for such an office need bear only 1,000 signatures (Election Law, § 136, subd. 2, par. [d]).
Petitioner Franco acknowledges that the valid signatures on his independent petition fell short of the statutory requirement *21 of 1,500 voters but contends that the legislative requirement that an independent candidate must obtain a greater number of signatures than a regular party candidate is violative of the equal protection clause of the Federal Constitution.
The respondents Benoit and Hampton challenge the petitioner’s right to succeed in this proceeding on two additional grounds, claiming that section 248 of the Election Law bars petitioner from a third line on the ballot and that the use of the name ‘ ‘ Conservation Party ’ ’ violates subdivision 4 of section 138 of the Election Law.
In the court’s opinion, each of these issues must be resolved in favor of the respondents.
The petitioner’s claim that the statute is unconstitutional because it sets a greater number of signatures for independent petitions than for party designating petitions has consistently been rejected by the courts of this State, which in passing upon this question have stressed the more restrictive qualifications for those who may validly sign regular party designating petitions (Matter of Young v. Heffernan, 187 Misc. 604, affd. 296 N. Y. 697; Matter of Orsini v. Heffernan, 187 Misc. 730, affd. 296 N. Y. 698). While such petitions may only be signed by enrolled members of the party, signers of an independent petition may be voters enrolled in any party, so long as they did not vote in the party’s primary election which nominated a candidate for the same office, and voters who are not enrolled at all (cf. Election Law, § 136, subd. 2 and § 138, subd. 6).
In the lengthy memorandum filed on petitioner’s behalf, no attempt is made to discuss this aspect of the statute. Instead, petitioner relies principally on the decision of the United States District Court, Southern District of New York, in the case of Socialist Workers Party v. Rockefeller (314 F. Supp. 984) declaring unconstitutional the voter-distribution aspect of paragraph (a) of subdivision 5 of section 138 of the Election Law, which requires that independent nominating petitions for State-wide office be signed by at least 12,000 voters, ‘ ‘ of whom at least fifty shall reside in each county of the state, the counties of Fulton and Hamilton to be considered as one county ”.
It should be noted that the effect of the order in that case has been stayed temporarily by Mr. Justice Hablan of the Supreme Court of the United States, pending further action by that court. In any event, however, it is obvious that the decision of the Federal District Court has no application to the issues involved in this proceeding. Furthermore, the constitutional validity of *22 the statutory difference in the number of signatures required on independent and on party designating petitions has been reaffirmed quite recently by the Court of Appeals (Matter of Moskowits v. Board of Elections, 51 Misc 2d 827, affd. sub nom. Matter of Moskowitz v. Power, 33 A D 2d 562, affd. 25 N Y 2d 933) and an appeal from that determination to the Supreme Court of the United States was dismissed “ for want of a substantial federal question ” (396 U. S. 373). Accordingly, this court holds that section 138 (subd. 5, par. [c], cl. [1]) of the Election Law, challenged by petitioner, is constitutional, and petitioner not having filed the number of signatures required by that section, the respondent Board of Elections properly rejected the petition.
Were this conclusion to the contrary, however, this petition would still be denied for the reasons advanced by the respondents Benoit and Hampton.
The effect of the grant of this petition would be to place petitioner’s name on the ballot in a third column which, under the circumstances, would violate section 248 of the Election Law (Matter of Battista v. Power, 16 N Y 2d 198; Matter of Button v. Donohue, 18 N Y 2d 792; Matter of Hentel v. Power, 18 N Y 2d 834).
Finally, in the court’s opinion, the attempted use of the name “ Conservation Party ” clearly violates subdivision 4 of section 138 of the Election Law which provides that the name selected for the independent body making the nomination “ shall not include the name or part of the name * * * of a then existing party ”. The name 11 Conservation Party ” is almost identical to that of the existing “ Conservative Party”. Indeed, the word ‘ ‘ conservative ’ ’, whatever meaning may have become attached to it politically, is but an adjective form of the noun “ conservation ”. In the court’s opinion, allowing its use in the forthcoming election would tend to create at least confusion in the minds of voters and, clearly, it was this undesirable result that the Legislature intended to avoid by enactment of subdivision 4 of section 138 of the Election Law. The mere change of the last two letters does not operate to distinguish this case from Matter of Marcantonio v. Heffernan (192 Misc. 868, affd. 274 App. Div. 880, affd. 298 N. Y. 661).
In reaching this conclusion, this court is not unaware of the contrary decisions that have been made in Matter of Bailey v. Vil. of Lindenhurst (63 Misc 2d 518), and Matter of Ottinger v. Lomenzo (64 Misc 2d 103). However, this court disagrees with the reasoning expressed in those opinions.
*23 Were the test of subdivision 4 of section 138 of the Election Law merely whether the similarity of names would be misleading to the electorate, this court would still be of the view that the statute bars the title “Conservation Party”. The petitioner’s contention that he desires to run for District Court Judge under this designation, as well as on the Democratic and Liberal lines, only to acquaint the voting public with his views on preservation of the environment and his allegiance with other candidates who share those views is, in the court’s opinion, specious. The same result could be achieved under any number of banners incorporating words, such as “ anti-pollution ”, “ecology”, “clean environment”, that have of late become even more synonymous with that movement in the public’s mind than “ conservation
But the intent of those who seek to use it and the effect of the name sought to be used is not the test. The test is whether the name “Conservation Party” includes the name or part of the name of the already existing “ Conservative Party”. La this court’s view, it does and it is, therefore, prohibited by the statute.
Accordingly, the petition is dismissed.