1. ELECTIONS—CERTIFICATE OF INDEPENDENT NOMINATION—PARTY NAME.
   The name "Independent Democratic Party" includes that of the "Democratic Party," within Election Law (Laws 1896, p. 925, c. 909) § 57, providing that the name which shall be designated as the political name in a certificate of independent nomination shall not "include" the name of any organized political party.

2. SAME—CHANGE OF NAME BY CLERK.
   Where a certificate of independent nomination selects as the political name one forbidden by Election Law (Laws 1896, p. 925, c. 909) § 57, because including the name of an organized political party, this is not a case of the certificate of nomination of two different political parties, or independent bodies, designating the same, or substantially the same, party name, in which case section 56 provides that the clerk shall decide which is entitled to the name, and shall select a name for the other nominating body, if it does not present one.

In the matter of the objections to the original certificate of the independent nomination of Ellsworth Carr for assemblyman of the Third Assembly District of the county of Albany. From an order holding the certificate void, appeal is taken. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Lyman H. Bevans (James J. Farren, of counsel), for appellant.
Neile F. Towner, for respondent.

PARKER, P. J. Section 57 of the election law (Laws 1896, p. 925, c. 909), under the provisions of which these independent voters sought to make their nominations, explicitly provides that the name which they shall select and designate in their certificate shall "not include the name of any organized political party." The name designated in the certificate in question is the "Independent Democratic Party." It appears from the record before us that the "Democratic Party" has for more than 50 years been the name of an organized political party, which at the time this certificate was filed had a place on the official ballot, and was running its candidate for assembly and for other offices in said assembly district. I am unable to perceive why the name so adopted in the certificate does not include the name of that party, which has for so many years been a well-known organized political party. The mere statement of the different names is sufficient, it seems to me, to establish that proposition, and, inasmuch as the one designated in the certificate does so include the other, it is a clear violation of the provisions of that section.

Under the provisions of section 56 of said act, the county clerk, with whom the certificate was filed, was the tribunal which, in the first instance, was to pass upon the objection so raised (see section 63), and by the same section (56) his decision could be reviewed by a justice of this court in the same judicial district. And such justice is also given authority to "make such order in the premises as justice may require." Upon application duly made, the order appealed from determines that the selection of the name "Independent Democratic Party," as designated in the certificate, was a violation of the statute, and was unauthorized, and it reversed the decision of the county clerk upon that subject. The order further determines that such certificate was not a valid and sufficient certificate of nomination to entitle the candidate therein named to the use of such political name, or to entitle such candidate's name to a place upon the official ballot under the name or designation of "Independent Democratic Party"; and it further directed the clerk to not place such name, as an independent candidate of such party, upon the official ballot. It seems to me that each one of the provisions of such order was correct, necessary, and proper. It is to be noted that the question here presented arises under the provisions of section 57. It is not a question whether the name designated in the certificate is "the same, or substantially the same," as that of the organized Democratic Party, but whether it includes such name. Hence the decision in Matter of Greene, 9 App. Div. 223, 41 N. Y. Supp. 177, affirmed in 150 N. Y. 566, 44 N. E. 1124, is not in point. Clearly, the order was right in its determination that the name "Independent Democratic Party" was not warranted by the statute, and clearly, if not so warranted, it was not sufficient to authorize any person to be deemed a candidate of such party, or to use such name as indicating his party. It was not, therefore, proper or just that the appellant's name should be placed upon the official ballot as a candidate of such party, and the order was correct in so holding and in forbidding the clerk from so placing it.

It is urged that the court should have directed the county clerk to select another name in place of the "Independent Democratic Party," and to place the appellant's name upon the official ballot as a candidate of such new party. There is no authority for the clerk to do such an act unless it is found in the provisions of section 56, and it is difficult to see how those provisions can be made applicable to the situation here presented. This is not a case where "the certificate of nomination of two or more different political parties, or independent bodies, shall designate the same, or substantially the same, party name." Here the single question presented is whether the name designated in a certificate filed by a single independent body of voters is one which the statute tolerates. There is no contest over which set of voters is entitled to the use of that name, no opportunity for the clerk to award the use of such name to any party or body of voters. It is a name that the law forbids being used by any body, and therefore very clearly it is not within the provisions of section 56, to which the appellant refers.

It is claimed that it comes within the spirit of those provisions. I hardly think so. It might well happen that two different bodies of independent voters might desire to select their own candidates, and might inadvertently select the same name to place in its certificate, and each

body would be ignorant of the similarity until the certificate was filed. In that event it becomes indispensable that some tribunal should select which body should have the use of the name and which should select a new name. In those cases the statute gives the authority to the clerk, and, in order that neither body may thus be, inadvertently and without fault, deprived of the opportunity to vote for its candidates, it permits such body to at once choose another name. In the event that such body of voters neglects to do so, it is made the duty of the clerk to select a new name for the party so deprived, and thus their candidates' names shall appear upon the official ballot as candidates of the new party so selected. But in the event that a body of voters deliberately select, as the party name to be designated in their certificate, one that is expressly forbidden by the statute, no such provision for a change is made. To include in the name selected that of an organized political party could hardly be done in good faith and through ignorance. It is a plain violation of a plain law, and hence the statute did not make any provision for relieving it from the position which it thus deliberately assumes. I am of the opinion that there is no law authorizing the county clerk to make the selection which the appellant asks, and, had the order so directed, it would have been unwarranted.

But it is to be noticed that the order does not in any manner restrain the county clerk from selecting a new name, and placing the appellant's name upon the official ballot as a candidate of such new party. The restraint clearly extends to placing his name as a candidate of the "Independent Democratic Party" only; and, even if the justice had authority to go to the extent which the appellant claims, his omission to do so would not be ground for a reversal of the order which he did make. If, under the statute, it was the duty of the county clerk to select a new party name, as claimed by the appellant, the order complained of did not interfere with its performance; and if the justice, in the exercise of his discretion, omitted to direct the clerk to perform such duty, the appellant has no just ground for complaint.

I conclude that the order should be affirmed, with $10 costs and disbursements against the appellant. All concur.