In the Matter of the Application of PHŒNIX INGRAHAM for an Order to Determine the Question of the Form and Contents of the Official Ballot and the Right to the Use by the CITIZENS' INDEPENDENT PARTY of a Certain Emblem Selected by It.

Supreme Court, New York Special Term, October, 1923.

**Elections — party emblem — pointing hand symbol held to be misleading and improper — motion granted directing board of elections not to print symbol on official ballot.**

A hand chosen by the Citizens' Independent Party as its emblem to be used in the election of 1923, which if printed on the official ballot will point with some degree of peremptoriness to the voting spaces directly opposite to it as the place to put the voting cross of the voter, is not a proper symbol, not only because it would be misleading to the voter but also because its use upon the ballot would unlawfully confer an advantage upon the said Citizens' Independent Party, and a motion for an order directing the board of elections not to print it on the official ballot will be granted.

APPLICATION for mandamus.

*George W. Olvany,* for petitioner.

*George P. Nicholson*, corporation counsel (*Russell L. Tarbox*, assistant corporation counsel, of counsel), for Board of Elections.

*John P. Cohalan* and *George Z. Medalie*, for Citizens' Independent Party.

*John V. Bouvier, Jr.*, for Charles D. Donohue.

*Albert S. Bard*, for the Honest Ballot Association (appearing by permission of the court without seeking to intervene).

DAVIS, J. The Citizens' Independent Party has selected a pointing hand as its emblem to be used in the approaching election and which it seeks to have printed on the official ballot opposite the space in which voters make their voting cross. Mr. Ingraham, one of the ten Democratic candidates for the office of justice of the Supreme Court, asks the court to determine that the emblem (a pointing hand) chosen by said Citizens' Independent Party is not a proper symbol, and thereafter to direct the board of elections not to print said symbol upon the official ballots. Mr. Donohue, another of the ten Democratic candidates, joins in the application. Section 330 of the Election Law, subdivision 3, makes it the duty of the Supreme Court to determine the right to the use of an emblem by any candidate or party in a proceeding instituted by any candidate aggrieved, or by the chairman of any committee as defined in section 2 of the act. The emblem to which objection is made is the well-known and widely used pointing hand. Its almost exclusive use is to direct, to guide and draw to the object pointed at the special attention of the beholder. Its peculiarity is that it speaks convincingly to every beholder of whatever tongue. This hand, pointing as it will if printed upon the official ballot, will point with some degree of peremptoriness to the voting spaces directly opposite to it as the place to put the voting cross of the voter. When it is considered that the hand is placed there with official sanction it is more than probable that many voters of only moderate intelligence would consider the pointing hand as a positive direction to vote in the space so conspicuously pointed out with official sanction. In my opinion the symbol selected, if printed on the ballot, would not be a proper one, not only because it is misleading to the voter, but also because its use upon the ballot would confer unlawfully an advantage upon the party using the emblem. The other contentions made by respondents are decided adversely to them. Motion granted in accordance with this opinion.

Ordered accordingly.