In the Matter of the Application of HARVEY L. SCHWAMM, Petitioner, for an Order Directing S. HOWARD COHEN and Others, Constituting the Board of Elections in the City of New York, Respondents, to Set Aside and Declare Void a Certain Resolution of the Said Board of Elections and to Declare Void Certain Petitions Purporting to Nominate Certain Persons as Candidates of the City Fusion Party for Public Offices and to Restrain the Said Board of Elections from Printing on the Ballots or Voting Machines the Names of the Said Persons under Any Line, Name or Emblem, and JOHN L. BUCKLEY, Intervenor, Respondent.*

Supreme Court, Special Term, New York County, October 28, 1938.

*Gabriel L. Kaplan* for the petitioner.

*William C. Chanler, Corporation Counsel* [*Russell Lord Tarbox* of counsel], for the respondents.

*Samuel S. Burman*, for the intervening respondent John L. Buckley.

* Affd., 255 App. Div. 831.

VALENTE, J. This petition seeks to declare void the nomination of John L. Buckley under the name and emblem of the City Fusion party, or under any name or emblem in substitution thereof. The latter, which has not the status of a regular party, nevertheless has a constituted law committee or other authorized committee. It has satisfied the board of elections through a communication by its committee that the petitioner, Schwamm, who has also been nominated under the name and emblem of the City Fusion party, is the duly authorized candidate. This communication has the effect of establishing the petitioner as entitled to the name and the emblem of that party. " The ruling of the executive committee is to control in the case of conflicting nominations (*Matter of Marcus* v. *Cohen*, 262 N. Y. 444), otherwise the vigilant interloper might deprive the authorized candidate of his nomination by filing his petition first." (*Matter of Peel* v. *Cohen*, 265 N. Y. 312.) The effect of the letter of the chairman of the law committee of the City Fusion party is not to lend its name and emblem to the petitioner, but a declaration that he was nominated under the authority and the auspices of that independent party, which had the first right to the name and emblem.

The result is that John L. Buckley is not entitled to the name and emblem of the City Fusion party. It does not appear that his sponsors seriously contend that they are entitled to it. In fact they acquiesce in the decision of the board of elections on that score. They contend, however, that as a group who have placed their candidate in nomination, they should not be deprived of a right to have the name of their candidate on the ballot under another name and emblem. The board of elections in fact anticipated their wishes and gave the committee on vacancies of the Buckley nominators permission to select a new name and emblem. The petitioner seeks to enjoin the board of elections from permitting such substitution on the ground that there is no authority for it in law.

Prior to the amendment of the Election Law in 1922, the statute adopted in chapter 649 of the Laws of 1911 (as amd. by Laws of 1914, chap. 244) read as follows: " If two or more different parties or independent bodies shall select the same, or substantially the same, device or emblem or party name, the Supreme Court or any justice thereof within the judicial district or any county judge within his county shall decide which of said parties or independent bodies is entitled to the use of such device or emblem or party name, being governed as far as may be in his decision by priority of selection in the case of the device or emblem, and of use in the case of the party name. If the other party or independent body shall present no other device or party name after such decision, the

custodian of primary records shall select for such other party or independent body another device or party name, so that no two different parties or nominating bodies shall be designated by the same device or party name."

Because that provision was not incorporated in the recodification of the Election Law of 1922, petitioner argues that there is no authority to allow the Buckley group to adopt another name and emblem either by the direction of the board of elections or by the direction of the court. In the first place, it is to be observed that nothing in the amendment of 1911 prevented the board of elections, especially in the event that the losing group submitted to the adverse decision by the court, from substituting another name and emblem. Submission to the determination by the board of elections was equivalent to an adjudication by the court that it was not entitled to the emblem. Shall we say that because inadvertently the express provisions of the law as it existed prior to 1922, authorizing the losing group to adopt a new name and emblem, were not incorporated in the new law, it was the intention of the Legislature to disfranchise the group so far as to prevent its members from voting for the candidate of their selection and inviting others to do the same? It is difficult to make such an assumption. With the growth of the practice of independent nominations in recent years, it would be contrary to the spirit of the law to declare that the Buckley group is not entitled to a place on the ballot after having obtained the necessary signatures to entitle it to go on the ballot. It is to be remembered that the name and the emblem are only symbols and identifying marks. In the given case the group as a cohesive body has expressed its intention to support the candidate. Its wishes should be respected. The fact that it is not permitted to use a given symbol or device because others had a prior right to it should not deprive it of what in the case of an independent nomination is only an incidental feature, the right to adopt a new name and symbol which does not conflict with that of the City Fusion party.

It would have been better, perhaps, to have statutory sanction and not create a situation of hazard resulting from legislative repeal of a pre-existing statute. Even without such a statute, however, the court holds that the name and the symbol are only incidents of the independent group, and that under the circumstances the board of elections acted entirely within its power in permitting the Buckley group to adopt a new name and symbol.

The motion is denied.