In the Matter of ALBERT L. DONNELLON, as Chairman of the Independent Party Heretofore Designated as the United Laborite Party, et al., Petitioners, against WILLIAM J. HEFFERNAN et al., Constituting the Board of Elections of the City of New York, Respondents.

Supreme Court, Special Term, New York County, September 30, 1948.

*A. L. Sainer* for petitioners.

*Louis J. Lefkowitz* and *Paxton Blair* for Thomas J. Curran, as Secretary of State of the State of New York, and others, interveners, respondents.

*Samuel M. Blinken* for Vito Marcantonio and others, interveners, respondents.

STEUER, J. The petitioners are the candidates for various offices named in an independent nominating petition filed September 4, 1948, with the board of elections. The name of the group on whose behalf the petition was filed was stated on

the petition to be " United Laborite Party." Objections were filed to this petition and after a hearing this court (*Matter of Marcantonio* v. *Heffernan,* 192 Misc. 868, Mr. Justice SCHREIBER) held that the name " United Laborite Party " violated the provisions of subdivision 3 of section 137 of the Election Law in that the name included the name of an existing political party. Thereupon petitioners requested the board of elections to substitute the name " United Local Party " and to accept the petitions under that name. The board refused to accede to this request.

It is objected that this proceeding is barred by the Statute of Limitations in section 330 of the Election Law and that this application is, in effect, an appeal from the prior order of Mr. Justice SCHREIBER. Neither contention is sound. This court has summary jurisdiction in questions relating to the right to the use of a party name by virtue of subdivision 2 of section 330 of the Election Law and no limitation of time is placed on applications pursuant to this subdivision. Furthermore Mr. Justice SCHREIBER did not decide or purport to decide the question at issue here and his claimed refusal to issue an order which would have included a direction to the board for the relief herein requested was in no sense a determination other than that such a question was not before him.

On the merits objection is made that the board has no authority to comply with the petitioners' request. The only statutory authority in the board to supply a name is limited to the instance where no party name appears on the petition. While the exact situation was not presented to the court the propriety of the board accepting a substituted name was suggested to the court and rejected with cogent arguments (*Matter of Carr,* 94 App. Div. 493). In addition to the views therein expressed it might be pointed out that the reason for rejecting a proposed party name which copies that of an existing name is because of the likelihood that voters will be misled by the resemblance. That same confusion might well have induced the signatures to the petition.

The decision in *Matter of Schwamm* v. *Cohen* (172 Misc. 162) has not been overlooked. The decision there referred to a different situation even though there are points of similarity. Where, as here, there is no disenfranchisement, as the signers of the petition may all vote for all their candidates under existing nominations, it is quite unnecessary for the court to fill in supposed gaps in the Election Law whether these exist unintentionally or by design.

**The motion is denied.**