William R. Geiler, J.
This is an application for an order declaring that the nominating petitions of William F. Bailey and Carmine Puieo as candidates for the office of trustee for the Conservation Party in the Village of Lindenhurst are valid and that the Clerk of the Village of Lindenhurst be directed to *519 accept said nominating petitions and place the names of William F. Bailey and Carmine Puieo on the ballot for the village election scheduled for March 17, 1970.
On February 4, 1970, the Deputy Village Clerk acknowledged receipt of the independent nominating petitions of Conservation Party designating William F. Bailey and Carmine Puieo as candidates for the office of Village Trustee in the general elections which were scheduled to be held on March 17, 1970. Marion Livingston, a duly registered voter in the Village of Lindenhurst, filed written objections with the Village Clerk of the Village of Lindenhurst with reference to the subject petitions. The crux of Marion Livingston’s objections was that the Conservation Party and the emblem of a tree would confuse the voters with reference to the Conservative Party and the emblem of the Conservative Party, a hand holding a torch. The Village Clerk upheld the contention of Marion Livingston and invalidated the subject petitions. The petitioner William F. Bailey asks this court to overrule the Village Clerk and declare that the said nominating petitions are valid. The attorney for Marion Livingston made a special appearance on her behalf on the return date of this application and moved that the proceeding be dismissed for lack of jurisdiction. He contends that his client, although served with the moving papers, was not named as a party in the caption of the proceeding and therefore the court does not have jurisdiction. There is no denial that Marion Livingston was commanded in the body of the ‘ ‘ Order To Show Cause ” signed by Mr. Justice D. Ormonde Ritchie to appear at this proceeding, and certainly there is no question that she had notice of this proceeding. The issue raised by Livingston’s attorney was also raised in the case of Matter of Lamula v. Power (19 A D 2d 780) and the Appellate Division upheld the position put forth by Livingston’s attorney. However, the Court of Appeals in 13 N T 2d 873 reversed the Appellate Division and stated in the following words that jurisdiction was obtained over the objector: “We hold, also, that, under all the circumstances, the objectors were properly before the court.”
The contention by Livingston’s attorney that this proceeding was not timely instituted is also without merit. The proceeding was instituted by serving the necessary parties on March 9,1970, and thus was within the seven-day period required by the Election Law.
Will the use of the name Conservation Party and its emblem of a tree be confusing and deceptive to the electorate? Is the word “conservation” synonymous with “ conservative ”?■
*520 The general public is so cognizant of the meaning of conservation today that even an elementary school child would have no difficulty in defining its meaning. One cannot pick up a newspaper, magazine article, turn on the radio or television without reading, hearing or seeing something about our environment and the need to preserve our natural resources. Certainly no one today would think of the word “conservative” and “ conservation ” as being synonymous.
This court has no doubt that the electorate is intelligent and sophisticated enough to distinguish between the words “ conservative ” and “ 'Conservation,” and certainly by no stretch of the imagination can one confuse an emblem of a tree for a ‘ ‘ torch in a hand 7 7.
The parties may rest assured that the electorate of this nation, whether in State or local elections, has been intelligent enough to distinguish between the genuine and the impostor. We have no doubt that the good people of the Village of Lindenhurst have the same .capacity.
The citizens of Lindenhurst, since there is no fraud or deception, should be given every opportunity to exercise their free will and have a choice in selecting their representatives. Therefore, the Village Clerk is hereby ordered to validate the subject petitions and place the names of William F. Bailey and Carmine Puieo as candidates for Trustee of the Village of Lindenhurst on the Conservation Party ballot.