Joseph Liee, J.
Petitioner seeks a determination that the nominating petition designating the respondent Joseph Gold-stein .as a candidate for the Assembly of the Homeowners Independent Party is null and void. The claim is (1) that the emblem employed by the candidate is improper and violates section 20 of the Election Law; and (2) that the signatures to his nominating petitions were, obtained by misleading representations. The latter allegations were not urged nor was evidence presented to support the statements.
Section 20 provides that the emblem must distinguish the candidate and for illustration it tells us that it ‘‘ may be a star, an animal, an anchor, or any other proper symbol ’ The symbol used by the candidate on his extra line for the ballot is a representation of a high-rise apartment on which is superimposed a large “ X ”. We have concluded that this is not a “ proper symbol ”.
Although the emblem employed may not have quite the preemptory character of the hand pointing with an index finger (Matter of Ingraham, 121 Misc. 578), it does have a quality which, when considered together with the fact that the ‘‘ X ” is used to mark absentee and military and other paper ballots, and that the same “X” appears in various places in the voting machine, would draw particular attention to the symbol, and voters might consider it “ a positive direction to vote in the space”. Therefore it would be misleading and could confer *213 an improper advantage on the party and its candidate (Matter of Ingraham, supra).
Further, the symbol vividly suggests an issue and in the polling place would be electioneering which is forbidden (Election Law, §§ 161, 193). It is common knowledge that high-rise apartments are a sensitive issue in many areas of Nassau County. The symbol directs the attention of those most concerned with this issue and solicits their vote. It also suggests that this candidate is opposed to such structures while his opponents, if not for them, are at the least indifferent.
However, since evidence has not been presented to support any finding with respect to the validity of the signatures on the candidate’s petitions, the Commissioners of Elections are instructed to place the candidate’s name on the ballot with the party name chosen but with another and proper symbol. The rule of Matter of Donnellon v. Heffernan (193 Misc. 97, affd. 274 App. Div. 880, affd. 298 N. Y. 656) should not be applied here, since to do so would in part disfranchise the signers of the petition.