In the Matter of RICHARD D. MCCARTHY, a Candidate Aggrieved, Appellant-Respondent, *v.* JAMES R. LAWLEY et al., Constituting the Board of Elections of the County of Erie, et al., Respondents-Appellants; JACK F. KEMP et al., Respondents.

Fourth Department, September 25, 1970.

*Falk, Siemer, Glick, Tuppen & Maloney (Alfred M. Remsen, Jr.,* of counsel), for appellant-respondent.

*Robert E. Casey, Jr., County Attorney (William J. Diggins* of counsel), for Board of Elections, respondent-appellant.

*James P. Shea* for Thomas P. Flaherty, respondent-appellant.

*Eugene C. Tenney* for Lynne Dane, Chairman of Conservative Party, respondent.

*Hodgson, Russ, Andrews, Woods & Goodyear* for Jack F. Kemp, respondent.

*Per Curiam.* The Board of Elections of Erie County appeals from an order of Special Term entered September 22, 1970, ordering it to place petitioner's name on the official ballots and voting machines as a candidate for the office of Representative in Congress for the 39th Congressional District of New York at the next general election, under a party name to be selected by petitioner. The petitioner appeals from so much of the order as denies him the right to use the name " Conservation Party " upon the official ballots and voting machines for purposes of this election.

On August 21, 1970, a petition designating petitioner as a candidate was duly filed with the Board of Elections. Petitioner filed his notice of acceptance of the nomination on August 25, 1970. An objection to the petition was filed by the chairman of the Conservative Party of Erie County on the ground that the use of the name " Conservation Party " violated subdivision 4 of section 138 of the Election Law. The Board of Elections ruled on September 5, 1970 that the petition was in violation of

subdivision 4 of section 138 of the Election Law in that the names " Conservation Party " and " Conservative Party " were too similar.

Petitioner then started a proceeding to have the court permit him to remain upon the ballots as a candidate of the Conservation Party, but if the court should find the name " Conservation Party " to be in violation of subdivision 4 of section 138 of the Election Law that it then order the Board of Elections to permit petitioner to keep·his name on the official ballots and voting machines under another party name pursuant to the provisions of section 330 of the Election Law.

The court held that the name " Conservation Party " was so similar to the name " Conservative Party " that confusion might easily be created in the minds of the voters and that thus the petition violated subdivision 4 of section 138 of the Election Law.  We agree with this conclusion.  However, it held that under a liberal construction of section 330 of the Election Law the Board of Elections should place petitioner's name upon the ballots and voting machines under a party name to be selected by petitioner.  This part of the decision we conclude was erroneous.

Subdivision 4 of section 138 of the Election Law provides in part: " The name selected for the independent body making the nomination shall be in the English language and shall not include the name or part of the name, or an abbreviation of the name or of part of the name, of a then existing party.  The name and emblem shown upon such petition shall conform to the requirements of section twenty, relating to party names and party emblems."

Section 20 of the Election Law provides: " The name of a party * * * shall not include * * * the name or part of the name, or an abbreviation of the name, of an existing party ".

The root word for both " Conservation " and "Conservative " is " conserve ". Thus both words embody the meaning " to preserve from change or destruction ".  (Webster's New International Dictionary.)  The word " conserve " appearing in both words, it follows that there is a clear violation of the statute inasmuch as the word is part of the name of the existing Conservative Party.  (Election Law, § 138, subd. 4.)

Further, there is considerable likelihood that the use of the two names could result in confusion in three ways.  First, the difference in meaning between the two words.  We believe that this is slight and of little account.  Second, the confusion that could also exist in the failure to distinguish one word from the

other in verbal usage, and this we do not consider of consequence. Third, the confusion in a visual way which is very likely to exist, particularly where one in a voting booth makes a rapid choice of party and candidate. The resulting confusion is violative of the avowed intent of subdivision 4 of section 138 of the Election Law which is " to prevent all possibility of confusion in the minds of the voters in connection with the election machinery ". (*Matter of Marcantonio* v. *Heffernan,* 192 Misc. 868, 869, affd. 274 App. Div. 880, affd. 298 N. Y. 661.)

On the question of whether the Board of Elections could place petitioner's name upon the ballots and voting machines under a party name to be selected by petitioner, there is no statutory authority for a Board of Elections to authorize a candidate to substitute a new name. The statute only authorizes the board to supply a name where no party name or emblem appears on the designating petition. (Election Law, § 138, subd. 4; see *Matter of Carr,* 94 App. Div. 493.)

Further, if the party name which was rejected would in all likelihood cause confusion among the voters, the " same confusion might well have induced the signatures to the [designating] petition." (*Matter of Donnellon* v. *Heffernan,* 193 Misc. 97, 98, affd. 274 App. Div. 880, affd. 298 N. Y. 656.)

The order should be modified to the extent of reversing the second decretal paragraph and as so modified affirmed.

DELVECCHIO, J. P., MARSH, GABRIELLI, MOULE and BASTOW, JJ., concur.

Order unanimously modified to the extent of reversing the second decretal paragraph and as so modified affirmed, without costs.