■ WILLIAM H. CAREY, Respondent, v V. JAMES CHIAVAROLI et al., as Commissioners of Elections for the County of Monroe, et al., Appellants. — Order unanimously affirmed, without costs. Memorandum: Subdivision 3 of section 6-138 of the Election Law requires that the party name selected by an independent body making a nomination shall not include the name or part of the name of that stated on a previously filed independent nominating petition. It also prohibits the use of any name which would "create the possibility of confusion". The manifest purpose of this statute is " 'to prevent all possibility of confusion in the minds of voters in connection with the election machinery.' " (*Matter of Ottinger v Lomenzo,* 35 AD2d 747, affd 27 NY2d 754; *Matter of McCarthy v Lawley,* 35 AD2d 126, affd 27 NY2d 754.) The party name selected by respondents is "Independence of Henrietta". A previously filed independent nominating petition bears the name "Henrietta Party". Therefore, respondents' party name selection is a violation of the express prohibition against the inclusion of part of the name of a previously filed independent nominating petition. The similarity of these party names is also very likely to result in visual confusion, "particularly where one in a voting booth makes a rapid choice of party and candidate." (*Matter of McCarthy v Lawley, supra,* p 129.) This resulting confusion is violative of the avowed intent of subdivision 3 of section 6-138 of the Election Law. Under the circumstances presented here, there is no statutory authority to permit respondents to substitute another name (*Matter of McCarthy v Lawley,* 35 AD2d 126, 129, *supra; Matter of Donnellon v Heffernan,* 193 Misc 97, 98, affd 274 App Div 880, affd 298 NY 656). (Appeal from order of Monroe Supreme Court, Cicoria, J. — Election Law.) Present — Hancock, Jr., J. P., Doerr, Boomer, Moule and Schnepp, JJ. (Order entered Oct. 18, 1983.)

■ JULIAN F. KUBINIEC, Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections of the County of Erie, et al., Respondents. — Order unanimously affirmed, without costs. Memorandum: Petitioner, the Republican, Conservative and Liberal candidate, appeals from an order of Supreme Court, Erie County, dismissing his petition to enjoin the Erie County Board of Elections from conducting a drawing to determine ballot placement for the position of Associate Judge of the City Court of Buffalo. The court also vacated the temporary restraining order against the board and ordered, as soon as practicable, a drawing for ballot position to be held between the two Democratic candidates for the position. The board improperly allowed petitioner, a Republican candidate, to participate in the drawing for ballot position. Row A candidates are entitled to have their order on the ballot determined prior to the ordering of all other candidates (see *Matter of Mintz v Cuomo,* 45 NY2d 918). Inasmuch as no objection was raised by the row A candidates to the court's order for a new drawing, we do not address this point. Contrary to petitioner's contention, he acquired no rights through operation of waiver or estoppel as a result of the unauthorized and improper drawing (*Matter of Gavigan v McCoy,* 37 NY2d 548, 552; *Matter of McLaughlin v Berle,* 71 AD2d 707, 708). (Appeal from order of Erie Supreme Court, Kane, J. — Election Law.) Present — Hancock, Jr., J. P., Doerr, Boomer, Moule and Schnepp, JJ. (Order entered Oct. 18, 1983.)