(October 7, 1986)

■ LORRAINE L. VERITY et al., Appellants, v MADELEINE L. FITZGIBBON et al., Respondents. (Proceeding No. 1.) In the Matter of MADELEINE A. FITZGIBBON, Respondent, v WILLIAM J. CANARY, JR., et al., Respondents, and PATRICK G. HALPIN et al., Appellants. (Proceeding No. 2.)—In a proceeding to validate a petition designating Madeleine L. Fitzgibbon as a candidate of the Concerned Citizens Against LILCO Party in the general election to be held on November 4, 1986, for the public office of Member of the Assembly, Eleventh Assembly District, and a cross proceeding to invalidate said petition, the appeal is from a judgment of the Supreme Court, Suffolk County (Stark, J.), dated October 1, 1986, which denied the application to invalidate and granted the application to validate the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with Special Term insofar as it found that the Concerned Citizens Against LILCO Party (hereinafter Concerned Citizens), an independent body, did not violate Election

Law § 6-138 (3) when it selected its name, despite the claim of similarity to Ratepayers Against LILCO, Inc. (hereinafter Ratepayers), which is also an independent body and *not* an existing party as those terms are defined by Election Law § 1-104 (12) and (3), respectively. On the record before us, it appears that the candidate representing the Concerned Citizens filed her nominating petition one full day before the Ratepayers' candidate did *(cf. Carey v Chiavaroli*, 97 AD2d 981). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.