*1040 OPINION OF THE COURT
F. Warren Travers, J.
By virtue of an order to show cause obtained on August 31, 1987, petitioner, Edward F. McDonough, Chairman of the Rensselaer County Democratic Party, has challenged the independent nominating petition filed by the Uncle Sam Party for the offices of Troy City Council-at-Large Districts. The candidates nominated in that petition, viz., Gerard V. Clifford, Eugene Eaton and John E. Sweeney, are also on the November 3, 1987 ballot as candidates of the Republican Party.
The petition alleges that the use of the word "party” in the independent nominating petition is improper because the Uncle Sam Party did not poll at least 50,000 votes for its candidate for Governor in the last preceding election; that the name selected, Uncle Sam Party, includes the name of a previously filed independent nominating petition; that the number of valid signatures required to be filed is insufficient. Petitioner requests a judgment declaring the independent nominating petition a nullity.
Respondent Wade, by answer, admits all the allegations of the petition. Respondent Wade, one of the Commissioners of Elections, admits that an independent nominating petition by the Uncle Sam Party on behalf of Kevin P. Reilly for Troy City Council-District No. 6 was filed in the Rensselaer County Board of Elections at 4:21 p.m., on August 18, 1987. Respondent Wade admits that the independent nominating petition on behalf of the candidates for Troy City Council-at-Large was filed on August 18, 1987, at 4:25 p.m., by the Uncle Sam Party. No affidavits contesting these admissions have been filed with the court. Additionally, the remaining respondents admit that exhibit A annexed to the petition herein is a copy of the independent nominating petition filed by the Uncle Sam Party. A review of the petition indicates that it is time-stamped by the Rensselaer County Board of Elections at 4:25 p.m., August 18, 1987. The factual allegations are not contested as to the time stamp by the Board of Elections. Respondents claim that a number of petitions were "simultaneously” delivered to the Rensselaer County Board of Elections and that constitutes filing.
Section 6-144 of the Election Law requires the County Board of Elections to place the day, hour and minute of filing upon the petition. The law does not permit simultaneous filing of multiple petitions. By requiring the day, hour and minute to *1041 be endorsed upon each petition, confusion is eliminated. Without such a requirement, it is impossible to distinguish when a petition is "previously filed” for purposes of section 6-138 (3) of the Election Law. The court accepts as a fact that the Kevin P. Reilly independent nominating petition was filed previous to the nominating petition of the respondents herein.
Petitioners claim the use of the word "party” in the name Uncle Sam Party is improper. Clearly, the Uncle Sam Party is not a "party” within the definition of section 1-104 (3) of the Election Law. Use of the word "party”, however, and qualification as a "political party” are separate concepts. Qualification as a political party entitles that organization to certain procedural rights more particularly defined in article 2 and section 6-128 of the Election Law. Section 6-138 (3) of the Election Law permits an independent body as defined in section 1-104 (12) to select a name. Many independent bodies have selected names that contain the word "party” (see, Matter of McNulty v May, 54 AD2d 780 [use of Anti-Lulu Party]; see, Matter of Warner v Power, 282 App Div 867 [use of Independent Party]; see, Jaquinto v Board of Elections, 116 NYS2d 102 [use of Civil Rights Party]). This court does not find the use of the word "party” as part of the name selected by an independent body to be prohibited. Mere inclusion of the word "party” in a name, however, does not grant the independent body the same procedural rights as a "political party” that has polled at least 50,000 votes in the preceding election for Governor.
Section 6-138 (3) of the Election Law states in part "[t]he name selected for the independent body * * * shall not include the name or part of the name * * * of a then existing party, or a previously filed independent nominating petition.” In this case, the name selected, Uncle Sam Party, is the same name used in the previously filed petition of Kevin P. Reilly. Section 6-138 (3) further states, "If such a petition shall not show an emblem, or the petition shall fail to select a name for such independent body, the officer or board in whose office the petition is filed shall select an emblem or name or both to distinguish the candidates nominated thereby.” If no name or emblem is shown, the Board of Elections has authority to act. If, however, a name is shown which is improper, there is no authority for the Board of Elections to permit the substitution of a different name.
A similar factual situation arose in Carey v Chiavaroli (97 AD2d 981), where the court said "respondents’ party name *1042 selection is a violation of the express prohibition against the inclusion of part of the name of a previously filed independent nominating petition.” In Matter of McCarthy v Lawley (35 AD2d 126, 129), the court stated, "On the question of whether the Board of Elections could place petitioner’s name upon the ballots and voting machines under a party name to be selected by petitioner, there is no statutory authority for a Board of Elections to authorize a candidate to substitute a new name. The statute only authorizes the board to supply a name where no party name or emblem appears on the designating petition.” The Court of Appeals in affirming (Matter of McCarthy v Lawley, 27 NY2d 754, 756), stated "that there was no statutory authority for a Board of Elections to authorize a candidate to substitute a new name”.
In Matter of Donnellon v Heffernan (193 Misc 97, affd 274 App Div 880, affd 298 NY 656), the court also stated that the only statutory authority in the Board to supply a name is limited to the instance where no party name appears on the petition. In that case, the candidates were on the ballot on a different line, similar to the present case where the respondents are on the Republican Party line. The court stated, "Where, as here, there is no disenfranchisement, as the signers of the petition may all vote for all their candidates under existing nominations, it is quite unnecessary for the court to fill in supposed gaps in the Election Law whether these exist unintentionally or by design.” (Supra, at 98.) Since 1948 when the Court of Appeals affirmed Matter of Donnellon the Legislature has not amended section 6-138 (3) of the Election Law to permit the substitution of a new name when the name selected by an independent body conflicts with an existing party name or previously filed independent nominating petition.
This court is without authority to permit the substitution of a new name. The independent nominating petition on behalf of the candidates for City Council-at-Large must be annulled by reason of the previous filing of the independent nominating petition which first selected the name Uncle Sam Party.
As the court has determined that the independent nominating petition is a nullity, it need not determine the issues of the validity of signatures and the sufficiency of the number of signatures.