■ In the Matter of THOMAS GLEASON, Respondent, v HENRY G. TUTUNJIAN et al., Constituting the Rensselaer County

Board of Elections, Respondents, and MICHAEL W. VAN VORIS et al., Appellants.—Per Curiam. Appeal from a judgment of the Supreme Court (Keniry, J.), entered October 11, 1989 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the independent nominating petition naming various respondents as the Taxbusters Party candidates for certain offices in the Town of East Greenbush in the November 7, 1989 general election.

In 1985 and 1987, the East Greenbush Independent Taxpayers Party (hereinafter East Greenbush) filed independent nominating petitions with the Rensselaer County Board of Elections to nominate candidates for public offices in the Town of East Greenbush. This year on August 29, 1989, at 9:03 A.M., that party again filed an independent nominating petition, this time nominating candidates for the November 7, 1989 general election for offices including East Greenbush Town Supervisor and Town Council. On August 29, 1989, the same day as the East Greenbush petitions were filed, but at 2:13 P.M., a new independent body, the Taxbusters Party (hereinafter Taxbusters), filed an independent nominating petition with the Board of Elections naming respondent candidates (hereinafter respondents) at the November 7, 1989 general election for offices of Town Supervisor and Town Council. Petitioner timely filed objections and specifications to the Taxbusters petition and thereafter commenced this proceeding to invalidate that petition and enjoin the Board of Elections from placing respondents' names on the ballot. Supreme Court granted petitioner's application and this appeal by respondents ensued.

The sole issue is whether the Taxbusters petition violates Election Law § 6-138 (3), which provides: "The name selected for the independent body making the nomination shall be in English characters and shall not include the name or part of the name or an abbreviation of the name or part of the name, nor shall the emblem or name be of such a configuration as to create the possibility of confusion with the emblem or name of a then existing party, or a previously filed independent nominating petition". Supreme Court held that the name Taxbusters shared the common root word "tax" with the name East Greenbush Independent Taxpayers, which had filed its petition before the Taxbusters petition. The court concluded that the Taxbusters petition violated Election Law § 6-138 (3) and invalidated its petition.

Respondents argue that the purpose of the statute is to

prevent confusion and that the name East Greenbush Independent Taxpayers which would appear on the ballot cannot possibly be confused with the name Taxbusters. While we might agree there is little likelihood that confusion would exist between these two full party names appearing on a ballot *(see, Verity v Fitzgibbon,* 123 AD2d 653), our inquiry does not end with that determination.

The statute does more than prevent confusion in names or party emblems. A name selected for an independent body shall not include the name or part of the name of an existing party, or the name or part of the name stated on a previously filed independent nominating petition. The courts have consistently rejected names that included in some manner the root word of a competing party *(see, Carey v Chiavaroli,* 97 AD2d 981; *Matter of Ottinger v Lomenzo,* 35 AD2d 747, *affd* 27 NY2d 754; *Matter of Marcantonio v Heffernan,* 192 Misc 868, *affd* 274 App Div 880, *affd* 298 NY 661). Since the independent nominating petition of East Greenbush was filed before that of Taxbusters, Supreme Court was correct in granting petitioner's application and invalidating the Taxbusters petition.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.