■ In the Matter of DENNIS E. WARD, Appellant, v EDWARD J. MAHONEY et al., Constituting the Board of Elections in the County of Erie, et al., Respondents.—Order unanimously reversed on the law without costs, petition granted and respondent Pauly's cross motion denied. Memorandum: On August 21, 1989, independent nominating petitions were filed with the Erie County Board of Elections (Board) seeking to place five candidates on the ballot for various offices in the Town of Amherst on the independent line of the Evergreen Party, whose symbol is an evergreen tree. Later that same day, independent nominating petitions for candidates for many of those same town offices were filed by the Indepen-

dent-Citizens Party, utilizing as its symbol an evergreen tree. On August 22, 1989, respondent Pauly filed the independent nominating petition challenged herein. The Pauly petition nominated him for the office of Erie County Legislator for the 14th District as candidate of the Evergreen Party, whose symbol is an evergreen tree.

Petitioner Ward filed objections with the Board, challenging the Pauly petition on the ground that it utilized the same party name and/or emblem as contained in the previously filed independent nominating petitions, in violation of Election Law § 6-138 (3). The Board sustained the objections and invalidated the Pauly petition. Prior to the Board's action, petitioner commenced this anticipatory proceeding pursuant to Election Law article 16 to invalidate respondent's petition. After the Board invalidated the petition, Supreme Court, in effect, dismissed the Ward proceeding, and granted respondent's cross motion to the extent of ordering the Board to permit Pauly to use the name and emblem of the Evergreen Party on one of his major party lines.

The court erred in dismissing the petition and granting respondent's cross motion in part. Election Law § 6-138 (3) provides that "[t]he name selected for the independent body making the nomination * * * shall not include the name * * * nor shall the emblem * * * be of such a configuration as to create the possibility of confusion with the emblem * * * [contained in] a previously filed independent nominating petition." The purpose of the statute is to prevent all possibility of confusion in the minds of the voters (*Carey v Chiavaroli*, 97 AD2d 981; *see also, Matter of McCarthy v Lawley*, 27 NY2d 754, *affg on opn at* 35 AD2d 126; *Matter of Ottinger v Lomenzo*, 35 AD2d 747, *affd* 27 NY2d 754). Here, both the name and the emblem of the independent body making the Pauly nomination were contained in previously filed independent nominating petitions. The likelihood of voter confusion is obvious. The Board thus properly invalidated the petition. (Appeal from order of Supreme Court, Erie County, Doyle, J. —Election Law.) Present—Dillon, P. J., Callahan, Doerr, Denman and Green, JJ. (Order entered Oct. 4, 1989.)