(March 13, 1990)

■ In the Matter of FRANCIS J. FALCONE et al., Appellants, v DIANE MANUPELLA, as Clerk of the Village of Waterford, Respondent.—Per Curiam. Appeal from an order of the Supreme Court (Plumadore, J.), entered March 6, 1990 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare valid the independent nominating petition naming petitioners as candidates of the Waterford Citizens Party, Inc. for certain offices of the Village of Waterford in the March 20, 1990 general election.

The "Waterford Citizens Party, Inc." filed an independent nominating petition to nominate petitioners for the offices of Mayor and Trustee in the Village of Waterford, Saratoga County. Respondent invalidated the nominating petition pursuant to Election Law § 15-108 (5) upon the ground that the name of the independent body contained part of the name of the "Citizens Party", another independent body which had previously filed a petition nominating candidates for the same offices. Petitioners, unsuccessful in this proceeding pursuant to Election Law § 16-102 to validate the independent nominating petition naming them as candidates, now appeal.

We affirm. Initially, we reject the contention that respondent lacked the power to invalidate the nominating petition. By statute, a Village Clerk is vested with "all authority, consistent with [the Election Law] which may be reasonable and necessary to provide for the proper and orderly conduct of [village] elections and the proceedings preliminary * * * thereto" (Election Law § 15-124 [1]) and it has been judicially determined that the duties of a Village Clerk "include a duty to ascertain whether nominating petitions filed with him, prima facie at least, comply with the law" *(Matter of Ransburg v Putterman, 35 Misc 2d 653, 657-658, affd 16 AD2d 954; see, 50 NY Jur 2d, Elections, § 360, at 168).* We find nothing in the language of Election Law § 15-108 (10), empowering a county Board of Elections to render a determination on the questions raised in objections and specifications filed with respect to village nominating petitions, which evidences an intent on the part of the Legislature to abrogate a Village Clerk's authority to invalidate petitions which are facially invalid. This conclusion also finds support in the provision of Election Law § 15-108 (5) that where the petition fails to select a name for an independent body the Village Clerk shall select a name. As properly indicated by Supreme Court, if respon-

dent could choose a name where none was selected she could also reject a petition with a conflicting name.

Petitioners' primary contention is that the name of the party chosen by them in their nominating petition was authorized under Election Law § 15-108 (5) *(see,* Election Law § 15-100) because, unlike Election Law § 6-138 (3), it does not prohibit the filing of a nominating petition setting forth the name of an independent body which includes the name or part of the name of a body set forth on a previously filed nominating petition. We disagree. Election Law § 15-108 (5) provides: "The name selected for the independent body making the nomination shall be in the English language and shall not include the name or part of the name, or an abbreviation of the name or of part of the name, of a then existing party. *The name and emblem shown upon such petition shall conform to the requirements of this chapter, relating to party names and party emblems"* (emphasis supplied).

As we read it, the emphasized sentence above incorporates by reference the requirement of Election Law § 2-124 (2), relating to party names and emblems generally, that "[t]he name and emblem chosen shall not be similar to or likely to create confusion with the name or emblem of any other existing party or independent body". Thus viewed, Election Law § 15-108 (5) is consistent with the provision of Election Law § 6-138 (3), relating to independent nominations generally, which provides that "[t]he name selected for the independent body making the nomination shall be in English characters and shall not include the name or part of the name or an abbreviation of the name or part of the name, nor shall the emblem or name be of such a configuration as to create the possibility of confusion with the emblem or name of a then existing party, or a previously filed independent nominating petition". Simply stated, it is our view that Election Law § 15-108 (5) and § 6-138 (3) merely use different language to say the same thing.

Finally, there is no question that the use of the word "citizen" in the name of the independent body rendered the nominating petition invalid on its face. The courts have consistently rejected names that include in some manner the root word of a competing party or independent body *(Matter of Gleason v Tutunjian,* 154 AD2d 834, 835; *see, e.g., Carey v Chiavaroli,* 97 AD2d 981; *Matter of Ottinger v Lomenzo,* 35 AD2d 747, *affd* 27 NY2d 754).

Order affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.