*79 OPINION OF THE COURT
Thomas P. Flaherty, J.
Petitioner seeks an order invalidating the Independent Party nominating petitions of the individual respondents who are candidates for nomination of the Independent Party to various town offices in the Town of West Seneca, located in the County of Erie.
Petitioner maintains that such nominating petitions violate Election Law § 6-138 (3), which in pertinent part provides: "The name selected for the independent body making the nomination shall be in English characters and shall not include the name or part of the name or an abbreviation of the name or part of the name, nor shall the emblem or name be of such a configuration as to create the possibility of confusion with the emblem or name of a then existing party, or a previously filed independent nominating petition.”
The respondents’ petitions, bearing the name Independent Party, were filed with the Erie County Board of Elections on August 20, 1991, at 4:17 p.m. Prior thereto approximately 22 independent nominating petitions were filed with the Erie County Board of Elections wherein the name selected as the indepéndent body making the nomination contains the same root word, i.e., independent. The instant petition identifies for such previously filed petitions, all of which are for various town offices in towns located in Erie County other than West Seneca.
Parenthetically, the court notes that the sole petitioner is the Chairman of the Town of West Seneca Democratic Committee. None of the candidates named in the 22 previously filed petitions has joined as a petitioner in this proceeding. In any event, standing has not been raised as an issue.
The purpose of Election Law § 6-138 (3) is to prevent all possibility of confusion in voters’ minds in connection with the election machinery (Matter of Ottinger v Lomenzo, 35 AD2d 747, affd 27 NY2d 754; Matter of McCarthy v Lawley, 35 AD2d 126, affd 27 NY2d 754). The Appellate Division, Fourth Department, has noted that visual confusion is very likely to result from similarity of party names particularly when a voter in the booth makes a rapid choice of party and candidate (Carey v Chiavaroli, 97 AD2d 981). However, such confusion is not possible in the instant case since none of the offices sought in the previously filed petitions will be on the ballot presented to the voters in the Town of West Seneca.
*80 In short, petitioner has failed to demonstrate that respondents create any confusion in the voters’ minds in connection with the election machinery (Matter of Ottinger v Lomenzo, supra). None of the cases cited by petitioner involves previously filed petitions in political subdivisions other than the subdivision of the petition being challenged on section 6-138 (3) grounds. The logical extension of petitioner’s argument would preclude a town candidate in Grand Island, Erie County from using the same root word in his party name as that adopted previously by a town candidate in Shelter Island, Suffolk County. This court does not perceive such a result to be in keeping with the legislative intent of section 6-138 (3) as expressed by the appellate courts (supra). This court also rejects petitioner’s proposal that section 6-138 (3) be extended to all the political subdivisions within a given county.