■ In the Matter of GLENN DIRESTO, Respondent, v HAROLD CORNELL et al., Appellants, et al., Respondent. (Proceeding No. 1.) In the Matter of NOREEN ELLIS et al., Appellants, v GLENN DIRESTO, Respondent, et al., Respondent. (Proceeding No. 2.) [877 NYS2d 86]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate an independent nominating petition nominating Glenn DiResto as the candidate of the Families First Party in a special election to be held on February 24, 2009 for the public office of Member of the New York City Council, 32nd Council District, and a related proceeding, among other things, to invalidate that independent nominating petition, Harold Cornell and Noreen Ellis appeal from (1) a final order of the Supreme Court, Queens County (Flug, J.), dated February 17, 2009, which, inter alia, in effect, granted the petition, among other things, to validate, vacated a determination of the Board of Elections in the City of New York dated February 3, 2009 invalidating the independent nominating petition, and granted Glenn DiResto two days from the date of the final order to file a certificate with the Board of Elections in the City of New York selecting a new name for the independent body making the nomination in compliance with the requirements of Election

Law § 6-138 (3) (a), and (2) a final order of the same court, also dated February 17, 2009, which denied their petition, inter alia, to invalidate and dismissed that proceeding.

Ordered that the final orders are reversed, on the law, without costs or disbursements, the petition, inter alia, to validate is denied, the petition, among other things, to invalidate is granted, and the independent nominating petition is invalidated.

An independent nominating petition nominated Glenn DiResto as the candidate of the Families First Party in a special election to be held on February 24, 2009 for the public office of Member of the New York City Council, 32nd Council District.

The Board of Elections in the City of New York (hereinafter the Board of Elections) invalidated the independent nominating petition pursuant to Election Law § 6-138 (3) (a), finding that the name "Families First Party" included part of the name of an existing political party. The Supreme Court, inter alia, in effect, granted DiResto's petition, among other things, to validate, vacated the determination of the Board of Elections, and granted DiResto two days from the date of the final order to file a certificate with the Board of Elections selecting a new name for the independent body making the nomination.

We agree with the Supreme Court that the selection of the name "Families First Party" as the "independent body" (Election Law § 6-138 [3] [a]) nominating DiResto violated Election Law § 6-138 (3) (a). Election Law § 6-138 (3) (a) provides, "[t]he name selected for the independent body making the nomination . . . shall not include the name or part of the name . . . of a then existing party." Here, the name "Families First Party" violated Election Law § 6-138 (3) (a), as it included the same root word as the existing party "Working Families Party" (see Matter of Gleason v Tutunjian, 154 AD2d 834 [1989]; Carey v Chiavaroli, 97 AD2d 981 [1983]; Matter of McCarthy v Lawley, 35 AD2d 126, 129 [1970], affd 27 NY2d 754 [1970]; Matter of Franco v Board of Elections of County of Nassau, 64 Misc 2d 19 [1970], affd 35 AD2d 679 [1970]).

However, the Supreme Court erred in granting DiResto the opportunity to select a new name for the independent body making the nomination. Although Election Law § 6-138 authorizes a board of elections to permit a candidate to select a new name for an independent body making the nomination when the original name selected for an independent body conflicts with a previously-filed independent nominating petition for the same office (see Election Law § 6-138 [3] [b]), there is no authorization for a board of elections to grant a candidate

the opportunity to select a new name when, as here, the original name selected for an independent body includes the name or part of a name of an existing party (*see* Election Law § 6-138 [3] [a], [b]; *Carey v Chiavaroli,* 97 AD2d 981 [1983]; *Matter of McCarthy v Lawley,* 35 AD2d at 129; *see generally Matter of Carr,* 94 App Div 493, 496 [1904]).

DiResto's remaining contentions are without merit.

Accordingly, the petition, inter alia, to validate should have been denied and the petition, among other things, to invalidate should have been granted. Dillon, J.P., Miller, Balkin and Belen, JJ., concur.